## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |

| | |
|---|---|
| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |

Present: The Honorable　　**James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**　　**[IN CHAMBERS] Order Regarding Motions to Dismiss**

Before the Court are three motions.

Defendant NFP Retirement, Inc. ("NFP") moved to dismiss the Second Amended Complaint ("SAC") of Plaintiffs Robert Lauderdale, Joshua Carrell, Ting Sheng Wang, Leonard Dickhaut, Robert Crow, Aubin Ntela, and Rodney Aaron Riggins (collectively, "Plaintiffs"). NFP Mot., Dkt. No. 109. Plaintiffs opposed the motion. NFP Opp'n, Dkt. No. 125. NFP responded. NFP Reply, Dkt. No. 135.

Defendant flexPATH Strategies, LLC ("flexPATH") also moved to dismiss the SAC. flexPATH Mot., Dkt. No. 110. Plaintiffs opposed the motion. flexPATH Opp'n, Dkt. No. 125. flexPATH responded. flexPATH Reply, Dkt. No. 132.

Finally, Defendants Wood Group U.S. Holdings, Inc. ("Wood Group U.S."), Wood Group Management Services, Inc. ("Wood Group Management"), and the Committee of the Wood 401(k) Plan (the "Wood Committee") (collectively, the "Wood Defendants") moved to dismiss the SAC. Wood Mot., Dkt. No. 111. Plaintiffs opposed the motion. Wood Opp'n, Dkt. No. 123. The Wood Defendants responded. Wood Reply, Dkt. No. 133.

After the Court posted its tentative order, both NFP and the Wood Defendants filed a request for hearing. See NFP Req., Dkt. No. 143; Wood Req., Dkt. No. 142. At the Court's request, Plaintiffs filed a response. Response, Dkt. No. 146. The Court considered the arguments raised by both parties and finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 21-301 JVS (KESx)                    Date   February 8, 2022

Title   Robert Lauderdale et al. v. NFP Retirement, Inc. et al.

For the following reasons, the Court **GRANTS in part** and **DENIES in part** all three motions to dismiss.

The Court **GRANTS** NFP's motion to dismiss the first cause of action to the extent that it relies upon co-fiduciary liability for actions taken by flexPATH as investment manager and the third cause of action with respect to the transactions involving the flexPATH CITs. The Court also **GRANTS** NFP's motion to dismiss the second cause of action to the extent that it relies upon direct liability. The Court **DENIES** the remainder of NFP's motion to dismiss.

The Court **GRANTS** the flexPATH motion to dismiss the third cause of action with respect to the transactions involving the flexPATH CITs and **DENIES** the remainder of flexPATH's motion to dismiss.

The Court **GRANTS** the Wood Defendants' motion to dismiss the first cause of action to the extent that it relies upon co-fiduciary liability for actions taken by flexPATH as investment manager and the third cause of action with respect to the transactions involving the flexPATH CITs. The Court **DENIES** the remainder of the Wood Defendants' motion to dismiss.

## I. BACKGROUND

This case concerns the management of the Wood 401(k) Plan ("Plan"). Second Amended Compl. ("SAC"), Dkt. No. 105 ¶ 1. The Plan is a multiple employer defined contribution employee pension benefit plan. Id. ¶ 7. Plaintiffs are former employees of adopting employers and are participants and beneficiaries of the Plan. Id. ¶¶ 11-17. Wood Group Management was the Plan sponsor and administrator until June 1, 2016. Id. ¶ 20. Wood Group U.S. has been the Plan sponsor and administrator since June 1, 2016. Id. ¶ 19. Wood Group U.S. appointed the Wood Committee to carry out its fiduciary responsibilities with respect to the Plan. Id. ¶ 23. The Wood Committee is responsible for the selection, monitoring, and removal of Plan investments and service providers, including the investment consultant. Id. NFP and flexPATH are both registered investment advisers. Id. ¶¶ 25-26.

In July 2015, the Wood Defendants hired NFP to be the Plan's investment consultant or fiduciary investment advisor. Id. ¶ 43. NFP was charged with advising the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |
|---|---|---|---|

| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |
|---|---|

Wood Defendants on the selection, monitoring, and retention of Plan investments and to provide assistance on the selection of service providers, among other duties. Id. NFP allegedly recommended the use of flexPATH target date funds as early as September 2015, prior to the launch of the investment products at issue. Id. ¶ 44-45. On February 25, 2016, upon recommendation from NFP, the Wood Defendants allegedly approved the addition of the flexPATH target date funds to the Plan. Id. ¶ 45. In March 2016, the Wood Defendants hired flexPATH as the Plan's discretionary investment manager with authority over the selection, monitoring, and replacement of the Plan's qualified default investment alternative ("QDIA"). Id. ¶ 46. In appointing flexPATH to be the Plan's investment manager, the Wood Defendants expressly authorized flexPATH to use affiliated investment options, including its flexPATH proprietary funds for the Plan. Id.

NFP and flexPATH are operated and controlled by the same senior executives in the same office. Id. ¶ 44. flexPATH had limited experience managing assets when it was first selected as an investment manager, a fact that was allegedly known by the Wood Defendants. Id. ¶ 55. For all of the flexPATH funds discussed in this case, Wilmington Trust, N.A. is the trustee of the funds  while flexPATH serves as the subadvisor with authority over the investing of fund assets and the developing of investment strategies for the fund. Id. ¶¶ 52-53.

By June 2016, flexPATH exercised its delegated fiduciary authority over the Plan's QDIA and selected flexPATH's proprietary target date funds for the Plan. Id. ¶ 49. Specifically, the flexPATH Index Moderate target date fund was designated as the Plan's QDIA to receive participant contributions for those who do not make an investment election. Id. From June 30, 2016 through September 30, 2018, the Plan's flexPATH target date funds allegedly substantially underperformed the Vanguard Target Retirement Trust target date funds. Id. ¶ 98. In 2018, the Wood Defendants allegedly acted contrary to NFP's advice and removed the flexPATH target date funds from the Plan and terminated flexPATH as an investment manager with authority over the Plan's QDIA. Id. ¶ 50.

After the removal of the flexPATH target date funds, NFP allegedly recommended that the Wood Defendants add three other flexPATH-advised funds to the Plan. Id. ¶ 99. In late 2018, the Wood Defendants allegedly approved the recommendations and added three collective investment trusts–the International Stock Fund, the Core Bond Fund, and the Large Cap Value Fund (hereinafter, the "flexPATH CITs")–to the Plan. Id. ¶ 50. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |
|---|---|---|---|

| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |
|---|---|

decision to invest in each of the CITs allegedly caused the Plan to invest in a higher-cost version of the underlying investments, leading to Plan participants paying higher expenses than would be charged if the Plan invested directly in the lowest-share class of the underlying fund. Id. ¶¶ 111, 128, 138.

Plaintiffs now bring claims for (1) breach of fiduciary duties related to the flexPATH funds under 29 U.S.C. § 1104(A)(1); (2) breach of fiduciary duties related to the use of higher-cost versions of plan investments under 29 U.S.C. § 1104(A)(1); (3) prohibited transactions related to the flexPATH funds under 29 U.S.C. § 1106; (4) failure to monitor fiduciaries; and, (5) breach of fiduciary duties related to the selection of flexPATH under 29 U.S. C. § 1104(A)(1). Id. ¶¶ 162-99.

## II.  LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted.  A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach.  First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555).  Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679.  This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |

| | |
|---|---|
| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |

## III. DISCUSSION

### A. Reconsideration

As a preliminary matter, Plaintiffs assert that Defendants may not revisit arguments that the Court rejected in its prior Order or raise new arguments that were available to challenge the FAC. See, e.g., flexPATH Opp'n at 1-2. In general, "[a] motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Pharmas., Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 863, 880 (9th Cir. 2009) (internal quotations and emphasis omitted).

But that general principle does not apply given the procedural posture of this case. Within the Ninth Circuit, "[o]nce the plaintiff elects to file an amended complaint, the new complaint is the only operative complaint before the district court." Askins v. U.S. Dep't of Homeland Sec., 899 F.3d 1035, 1043 (9th Cir. 2018). "[A]fter amendment the original pleading no longer performs any function and is treated thereafter as non-existent." Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (internal quotation omitted). "Courts in this Circuit therefore have permitted defendants moving to dismiss an amended complaint to make arguments previously made and to raise new arguments that were previously available." In re Wellpoint, Inc. Out-of-Network UCR Rates Litig., 903 F. Supp. 2d 880, 893 (C.D. Cal. 2012) (collecting cases).

The Court previously dismissed some of the Plaintiffs' claims while allowing others to proceed. See Order at 22. Instead of choosing to prosecute the surviving claims, the Plaintiffs opted to file the SAC. Thus, the SAC supersedes the prior complaint, and the reconsideration standard does not apply. See In re Wellpoint, 903 F. Supp. 2d at 894.

### B. Request for Judicial Notice

Before turning to the motions to dismiss, the Court must also address the scope of evidence that is permissible to consider at this stage. In general, a district court may not consider material beyond the pleadings when evaluating a Rule 12(b)(6) motion without treating it as a motion for summary judgment, with two exceptions. See Fed. R. Civ. P. 12(b)(6); Chavez, 683 F.3d at 1108. First, the Court may take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." Lee v. City of Los

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |
|---|---|---|---|

| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |
|---|---|

Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); see Fed. R. Evid. 201(b). Second, "a court may consider material which is properly submitted as part of the complaint." Lee, 250 F.3d at 688. The incorporation by reference doctrine also applies to documents that are not physically attached to the complaint if their authenticity is not contested and the complaint necessarily relies on them. Id. "However, if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint" and cannot be incorporated by reference. Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002 (9th Cir. 2018).

In conjunction with the motions to dismiss, Defendants request that the Court take judicial notice of a total of eighteen documents. See Request for Judicial Notice ("RJN"), Dkt. No. 109. The Plaintiffs object to the Court's consideration of Exhibits 1, 2, 4–13, 17, and 18. Obj., Dkt. No. 121, at 2. The Plaintiffs do not object to consideration of Exhibit 3 and Exhibits 14–16, provided that they are only considered for the existence of statements within the documents, not the truth of any underlying facts that would contradict the well-led allegations. Obj. at 1-2.

       i.    *Exhibits 3, 14, 15, and 16*

Exhibit 3 is the NFP Response to Phase II Investment Menu Update Questions, dated December 22, 2015. See Dkt. No. 108-6. Exhibit 14 is the Plan's Form 5500 for the period ending December 31, 2018, that was filed with the Department of Labor. See Dkt. No. 108-17. Exhibits 15 and 16 are two different iterations of the Wood Investment Policy Statement ("IPS"), one from 2008 and one from 2016. See Dkt. Nos. 108-18, 108-19. The Plaintiffs do not object to incorporation of these exhibits by reference. See Obj. at 16-17. The Court agrees that these exhibits are properly incorporated by reference. However, under the doctrine of incorporation by reference, the Court may not rely on statements within the documents to resolve factual disputes. See Khoja, 899 F.3d at 1006.

       ii.    *Exhibit 17 - Vanguard Funds Multiple Class Plan, November 30, 2018*

Exhibit 17 is the 2018 Vanguard Funds Multiple Class Plan. See Dkt. No. 108-20. Defendants argue that it is the proper subject of judicial notice because it was filed with the United States Securities and Exchange Commission and is publicly available. RJN at 8-9. While the Plaintiffs object to the truth of the contents, they do not dispute its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |
|---|---|---|---|

| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |
|---|---|

accuracy or authenticity. Obj. at 17-18. Accordingly, the Court takes judicial notice of the existence of the document, but not the facts asserted therein. See Khoja, 899 F.3d at 999.

> iii.    *Exhibit 18 - United States Department of Labor, Employee Benefits Security Administration, Target Date Retirement Funds–Tips for ERISA Plan Fiduciaries, (Feb. 2013)*

Exhibit 18 is a United States Department of Labor publication that is available on its website. See Dkt. No. 108-21. The Plaintiffs object because they argue that it is not referenced by the complaint and not relevant to the views of the fiduciaries at the time of the events at issue here. Obj. at 19. A court may "take judicial notice of undisputed and publicly available information displayed on government websites." King v. Cty. of Los Angeles, 885 F.3d 548, 555 (9th Cir. 2018); see Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010) (holding that it is "appropriate to take judicial notice" of information "made publicly available by government entities" where neither party disputes the authenticity or the accuracy of the information). Plaintiffs do not dispute the authenticity or accuracy of the document. Accordingly, the Court takes judicial notice of the existence of the document, but not the facts asserted therein. See Khoja, 899 F.3d at 999.

> iv.    *Exhibits 1, 2, 4–13*

Plaintiffs object to the remainder of the exhibits that the Defendants seek to introduce through incorporation by reference. The documents include fund lineup recommendations, retirement plan committee meeting minutes, fiduciary investment reviews, and executive summaries of fiduciary investment reviews. See RJN at 1–2.

In support of their argument that the SAC extensively relies on the different documents, the Defendants submitted a chart showing purported references to the exhibits throughout the SAC. See Dkt. No. 134-2. But the SAC makes allegations based on the totality of the evidence, not the specific documents selected for inclusion here by Defendants. See, e.g., Dkt. No. 134-2, at 1 (asserting that the SAC references Exhibit 1 six times, but all of the cited paragraphs in the SAC refer to a wider breadth of materials, not Exhibit 1 specifically). Plaintiffs allege that when viewed as a whole, the meeting minutes and presentation materials reflect a deficient decision-making process and imprudent investment advice. See, e.g., SAC ¶ 151 (alleging that the meeting minutes and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |

| | |
|---|---|
| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |

materials presented over a nearly four year period do not reflect consideration of lower-cost shares, justification for use of higher-cost shares, or document a reason that lower-shares were not available to the Plan). It would be improper at this stage for the Court to incorporate these documents by reference and use them to resolve factual disputes. The documents show that investment advice was given and that the Wood Defendants engaged in a decision-making process. Asking the Court to evaluate their contents and determine whether they reflect a prudent process and sound advice goes "beyond testing the sufficiency of the claims and into the realm of factual disputes." Khoja, 899 F.3d at 1006.

Accordingly, the Court declines to consider the remaining exhibits because they are not incorporated by reference into the complaint.

In sum, the Court **GRANTS** the request to consider Exhibits 3, 14, 15, and 16 as incorporated by reference into the complaint. The Court **GRANTS** the request to take judicial notice of Exhibits 17 and 18. The Court **DENIES** the request to consider Exhibits 1, 2, and 4–13 as incorporated by reference into the complaint or as proper subjects of judicial notice.

## 1. Count I – Breach of Fiduciary Duty – Investment in flexPATH Funds

The first claim alleges that all Defendants breached their fiduciary duty in violation of 29 U.S.C. § 1104(a)(1) in connection with the Plan investments in the flexPATH-affiliated funds. While the allegations supporting liability for each defendant are somewhat different, there is significant overlap between the legal arguments. Accordingly, the Court begins by reviewing the applicable law.

### i.    Fiduciary Duties of Prudence and Loyalty Under ERISA

"An ERISA fiduciary must discharge his responsibility 'with the care, skill, prudence, and diligence' that a prudent person 'acting in a like capacity and familiar with such matters' would use." Tibble v. Edison Int'l, 575 U.S. 523, 528 (2015) ("Tibble II") (quoting 29 U.S.C. § 1104(a)(1)). "These duties are the 'highest known to the law.'" Howard v. Shay, 100 F.3d 1484, 1488 (9th Cir. 1996) (quoting Donovan v. Bierwirth, 680 F.2d 263, 273 n.8 (2d Cir. 1982)). "To enforce them, the court focuses not only on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |
|---|---|---|---|

| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |
|---|---|

the merits of the transaction, but also on the thoroughness of the investigation into the merits of the transaction." Howard, 100 F.3d at 1488.

Under ERISA, a fiduciary is required to discharge its duties "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use." 29 U.S.C. § 1104(a)(1)(B). Similar to the common law of trusts, this duty requires a fiduciary "to make such investments and only such investments as a prudent [person] would make of his own property." Tibble v. Edison Int'l, 729 F.3d 1110, 1134 (9th Cir. 2013), vacated on other grounds, 575 U.S. 523 (2015) ("Tibble I") (internal quotations citations omitted). "A court's task in evaluating a fiduciary's compliance with [its duty of prudence] is to inquire 'whether the [fiduciaries], at the time they engaged in the challenged transactions, employed the appropriate methods to investigate the merits of the investment and to structure the investment.'" Wright v. Oregon Metallurgical Corp., 360 F.3d 1090, 1097 (9th Cir. 2004) (quoting Donovan v. Mazzola, 716 F.2d 1226, 1232 (9th Cir. 1983)).  Because of the emphasis on methods, courts focus "not only on the merits of the transaction, but also on the thoroughness of the investigation into the merits of the transaction." Tibble v. Edison Int'l, 843 F.3d 1187, 1197 (9th Cir. 2016) (en banc) ("Tibble III") (quoting Howard, 100 F.3d at 1488). A thorough investigation requires "a reasoned decision-making process." Tatum v. RJR Pension Inv. Comm.,761 F.3d 346, 356 (4th Cir. 2014) (internal quotations omitted).

ERISA also requires that a fiduciary exercises its duties "solely in the interest of the participants and beneficiaries," 29 U.S.C. § 1104(a)(1), and "for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonably expenses of administering the plan." Id. § 1104(a)(1)(A). While there is overlap with the duty of prudence, the duty of loyalty imposes distinct requirements. See Donovan v. Bierwirth, 680 F.2d 263, 271 (2d Cir. 1982). "When it is 'possible to question the fiduciaries' loyalty, they are obliged at a minimum to engage in an intensive and scrupulous independent investigation of their options to insure that they act in the best interests of the plan beneficiaries.'" Howard, 100 F.3d at 1488-89 (9th Cir. 1996) (quoting Leigh v. Engle, 727 F.2d 113, 125-26 (7th Cir. 1984).

ii.    *Pleading Requirements*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |
|---|---|---|---|

| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |
|---|---|

In this case, Plaintiffs allege that the Defendants breached both the duty of prudence and the duty of loyalty. Multiple defendants argue that any claim for liability based on a breach of the duty of loyalty should be dismissed because the Plaintiffs failed to present separate allegations. See, e.g., flexPATH Mot. at 18. Defendants cite to cases that they suggest show a requirement to plead separate allegations concerning a breach of duty of loyalty. See, e.g., White v. Chevron Corp., No. 16-cv-0793-PJH, 2016 WL 4502808, at *4–5 (N.D. Cal. Aug. 29, 2016) (dismissing claim for breach of fiduciary duty of loyalty where no separate allegations supported the duty of loyalty claim and the allegations to support the duty of prudence claim did not implicate loyalty issues); Kong v. Trader Joe's Co., No. CV 20-05790 PA (JEMx), 2020 WL 7062395, at *7 (C.D. Cal. Nov. 30, 2020) (dismissing claim for breach of duty of loyalty where no additional facts were alleged and the court dismissed the breach of duty of prudence claim).

However, Plaintiffs are merely required to provide a short and plain statement of the claim for relief. Fed. R. Civ. P. 8(a)(2). The federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." Johnson v. City of Shelby, Miss., 574 U.S. 10, 11 (2014) (per curiam). This is especially true here given the overlapping duties of loyalty and prudence. See Bierwirth, 680 F.2d at 271. The cases cited by Defendants only support the proposition that there must be facts alleged to support a duty of loyalty claim, not that they must be alleged separately. The Court agrees with the Plaintiffs that "[a] conflicted fiduciary may fail to use the level of 'care, skill, prudence, and diligence' (thereby violating the duty of prudence codified in §1104(a)(1)(B)) precisely because it intends to act for the purpose of furthering its own interests (thereby violating the duty of loyalty codified in §1104(a)(1)(A))." NFP Opp'n at 12.

### iii.    Co-Fiduciary Liability

In addition to alleging direct breaches by each of the Defendants, Plaintiffs also allege that they are liable for breaches committed by their co-fiduciaries. See SAC ¶ 171. ERISA provides that a plan fiduciary may be held liable for a breach by a co-fiduciary. See 29 U.S.C. § 1105. However, where an investment manager has been appointed under §1102(c)(3), "no trustee shall be liable for the acts or omissions of such investment manager." 29 U.S.C. § 1105(d)(1). In turn, section 1102(c)(3) provides that "a person who is a named fiduciary with respect to control or management of the assets of the plan may appoint an investment manager or managers to manage (including the power to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |
|---|---|---|---|

| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |
|---|---|

acquire and dispose of) any assets of a plan." The parties disagree about the scope of protection provided by § 1105(d)(1).

Plaintiffs argue for a narrow reading of § 1105(d)(1). See NFP Opp'n at 15. In their view, the plain language of § 1105(d)(1) only provides relief to trustees, a distinct subset of fiduciaries. Under ERISA, trustees, such as Wilmington Trust, hold plan assets. See 29 U.S.C. § 1103(a) ("all assets of an employees benefit plan shall be held in trust by one or more trustees"). "Fiduciaries" are defined as a broader category that includes "trustees," but is not coextensive. See, e.g., 29 U.S.C. §1002(14)(A) (defining party-in-interest as "any fiduciary (including, but not limited to, any administrator, officer, trustee, or custodian)"). Plaintiffs also emphasize that within section 1105, Congress intentionally used the term fiduciary and trustee in specific places, but not interchangeably. See NFP Opp'n at 15.

In response to the Wood Defendants raising the protections of section 1105(d) in response to the FAC, the Court's prior order held that "flexPATH's status as an appointed investment manager . . . precludes Plaintiff's claim against the Wood Defendants insofar as it relates to flexPATH's investment in the target date funds." Order at 11. While the Court has the authority to revisit that determination, it finds that the Defendants' arguments are persuasive.

Other courts have held that the protection of § 1105(d)(1) extends beyond trustees to other named fiduciaries that appoint an investment manager. See Lowen v. Tower Asset Mgmt., Inc., 829 F.2d 1209, 1219 (2d Cir. 1987) ("The obligations of named fiduciaries with regard to their duty of care, however, can be reduced by the appointment of an investment manager under ERISA Section 402(c)(3)."); Harris Tr. & Sav. Bank v. Salomon Bros., Inc., 832 F. Supp. 1168, 1178 (N.D. Ill. 1993) (examining the legislative history, Department of Labor regulations, and case law before concluding that "whether [the defendant] is a trustee or a named fiduciary, it cannot be liable for the acts and omissions of the appointed investment manager"); Perez v. WPN Corp., No. 14 Civ. 1494 (NBF), 2017 WL 2461452, at *6-7 (W.D. Pa. June 7, 2017) ("[a] logical conclusion to draw . . . is that when control over assets of a plan has been delegated to an investment manager appointed by a named fiduciary," then that named fiduciary "obtains the benefit of the safe harbor provision of section 1105(d)(1)").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |
|---|---|---|---|

| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |
|---|---|

The Court agrees that a logical reading of the relevant statutory provisions supports that conclusion as well. Section 1103(a) provides that a trustee has exclusive control over the assets of a plan, unless that control is delegated to an investment manager. The only way to delegate control to an investment manager is described in Section 1102(c)(3), which provides that a "named fiduciary with respect to control or management of the assets of the plan may appoint an investment manager." It would logically follow that the protection from liability provided by Section 1105(d)(1) to the trustee upon appointment of an investment manager would encompass the named fiduciary who appointed that trustee. See Perez, 2017 WL 2461452, at *6–7 (analyzing the protections provided by section 1105(d)(1) in the context of the related statutory sections). This reading is supported by the legislative history, which states in part that "as long as the named fiduciary had chosen and retained the investment manager prudentially, the named fiduciary would not be liable for the acts or omissions of the manager." Harris Tr., 832 F. Supp. at 1178 (quoting H.R. Conf. Rep. No. 1280, 93rd Cong. 2d Sess. (1974)).

The Court agrees with the reasoning of Lowen, Harris Tr., and Perez, and finds that section 1105(d)(1) provides protection from liability to named fiduciaries upon appointment of an investment manager.

### A. NFP Motion to Dismiss Count 1

The first count of the SAC alleges that NFP breached its duties of loyalty and prudence in violation of 29 U.S.C. § 1104(a)(1)(A) and (B) by selecting and retaining the flexPATH funds in the plan. SAC ¶ 165. Plaintiffs allege that NFP failed to engage in a reasoned decision-making process and ultimately received investment management business and advisory fees while Plan participants sustained losses. Id. Additionally, Plaintiffs allege that NFP violated its fiduciary duties by advising the Wood Defendants to select and retain flexPATH funds. Id. ¶ 168. Finally, Plaintiffs allege that NFP is liable for losses caused by the other Defendants as co-fiduciaries under 29 U.S.C. § 1105(a). Id. ¶ 171. NFP raises a number of different arguments in support of its contention that the first cause of action fails to state a claim for liability on behalf of NFP. The Court considers them in turn.

###### i. *Responsibility for Selection and Retention of flexPATH Funds*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |
|---|---|---|---|

| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |
|---|---|

First, NFP argues that it did not have any direct responsibility for the selection of the flexPATH target date funds. NFP Mot. at 5. The Court's prior Order held that in the FAC, "[t]here [were] no factual allegations that NFP had any discretion over whether the flexPATH funds were offered as Plan investments, and without such allegations such a claim is not possible." Order at 13. The Investment Advisory Agreement between NFP and the Wood Defendants states that NFP was a fiduciary under § 1002(21)(A)(ii). See Dkt. No. 72-8, at 136. As in the FAC, the allegations in the SAC are consistent with NFP rendering investment advice per its role as a fiduciary under § 1002(21)(A)(ii), not exercising discretionary control as a fiduciary would under § 1002(21)(A)(i). Plaintiffs do not argue in opposition to this motion that the SAC alleges that NFP was responsible for selecting or removing any funds for the Plan.

Accordingly, the Court finds that Plaintiffs have not stated a claim to the extent that it is premised on NFP's direct responsibility for the selection and retention of the flexPATH target date funds.

> ii.    *Prudence of Advice Regarding Selection of flexPATH Target Date Funds*

Next, NFP argues that the Plaintiffs did not meet their burden of alleging that NFP employed an unreasonable process when providing advice to the Wood Defendants. NFP Mot. at 6. In its earlier Order, the Court held that Plaintiffs did not state a claim under this theory because the FAC did not "include allegations that are sufficient to allege that NFP breached its fiduciary duty in the provision of advice." Order at 14. The SAC adds significant new detail regarding NFP's provision of advice.

Plaintiffs allege that NFP consistently recommended the flexPATH target date funds from the outset of its relationship with the Wood Defendants, even though the funds were not yet on the market. SAC ¶¶ 44-45. Plaintiffs allege that a prudent fiduciary typically investigates and recommends investments based on historical performance, experience of the fund manager, and comparison to passive alternatives, see id. ¶¶ 76, 81, 82, which NFP did while considering a potential investment in a fund that was not managed by flexPATH. Id. ¶ 127. Yet Plaintiffs allege that NFP failed to perform that type of objective analysis when considering the flexPATH target date funds,. Id. ¶ 87.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |
|---|---|---|---|

| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |
|---|---|

Plaintiffs specifically allege that NFP imprudently relied on hypothetical data when recommending the flexPATH Index+ Target date funds to the Wood Defendants. Id. ¶¶ 75-79. At the time the flexPATH Index Target date fund was ultimately added to the Plan, Plaintiffs allege that there was limited performance history, which NFP allegedly never presented to the Wood Defendants, and that NFP recommended the fund despite a process that was inconsistent with the IPS. Id. ¶¶ 73, 89-90.

NFP maintains that the Plaintiffs still fail to state a claim even with the new allegations. First, it argues that consideration of the documents submitted with the RJN reflect a reasoned decision-making process. NFP Mot. at 6-8. However, as discussed above, the Court may not consider those documents at this stage. When both parties have had the opportunity to present all of their evidence, it is possible that the full evidence may support a finding that NFP engaged in a prudent, reasoned, decision-making process. See Hughes v. Northwestern Univ., No. 19-1401, 2022 WL 199351, at *4 (U.S. Jan. 24, 2022) ("At times, the circumstances facing an ERISA fiduciary will implicate difficult tradeoffs, and courts must give due regard to the range of reasonable judgments a fiduciary may make based on her experience and expertise."). But for the purposes of this motion, the Court is only considering the question of whether the Plaintiffs have plausibly alleged that NFP violated its fiduciary duties. See id.

Next, NFP takes issue with the allegation that its reliance on hypothetical performance data was improper. NFP Mot. at 9-10. While hypothetical performance data is expressly permitted by the SEC and widely used in the industry, it does not follow that every use of hypothetical performance data is per se permissible. Here, Plaintiffs have specifically alleged how the use of hypothetical performance data was not prudent in this instance. This is sufficient to support a claim.

Finally, NFP argues that because it allegedly recommended the Index+ target date fund and the Wood Defendants ultimately chose to invest in the Index fund, they are not responsible for causing the losses. NFP Mot. at 10. Again, while the evidence may ultimately prove to be in NFP's favor, the Plaintiffs have alleged enough to support a claim. There is no strict requirement that a fiduciary must have discretionary authority to cause a transaction for the purposes of a breach of duty claim. Even if the Wood Defendants did not follow NFP's exact recommendations, the ultimate decision may still be the result of a deficient process.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |

| | |
|---|---|
| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |

Accordingly, the Court finds that Plaintiffs have plausibly alleged that NFP breached its fiduciary duties in the provision of advice concerning the flexPATH target date funds.

  iii.    *Advice Concerning the Retention of flexPATH Target Date Funds*

NFP also asserts that Plaintiffs fail to plausibly allege that it breached its duty in advising on the retention of the flexPATH target date funds. NFP Mot. at 15-16. While the Court previously dismissed this claim, see Order at 14, Plaintiffs cite to specific allegations, some of which are new, to support their breach of prudence claim related to the retention of the flexPATH target date funds in the Plan. First, NFP did not compare the performance of the flexPATH Index target date funds to a benchmark until ten months had passed after they were added to the Plan. SAC ¶¶ 72, 92. Next, NFP did not evaluate the flexPATH Index target date funds under the same methodology that it evaluated the other investments. Id. ¶¶ 91-92. Finally, Plaintiffs allege that the continued retention of the underperforming funds without recommending removal is indicative of a lack of prudence. Id. ¶¶ 50, 92.

As underperformance on its own is not dispositive, Plaintiffs are left with two allegations concerning the relevant time period. While standing alone that may not be enough to state a claim, the importance of those allegations is informed by the broader context of the complaint. See Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) ("[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible"). The knowledge of the actions taken by NFP to evaluate the prudence of those investments once they were in the Plan is within NFP's control, thus Plaintiffs cannot be expected to know the specific details at this stage. See Concha v. London, 62 F.3d 1493, 1503 (9th Cir. 1995) (relaxing pleading requirements because "the circumstances surrounding alleged breaches of fiduciary duty may frequently defy particularized identification at the pleading stage"). Given Plaintiffs' detailed allegations that NFP failed to undergo a prudent process of investigating and evaluating the flexPATH target date funds prior to recommending them to the Wood Defendants, it would be reasonable to infer that the allegations that NFP monitored the flexPATH funds differently than other investments would support a claim for a breach of the duty of prudence. See Hughes., 2022 WL 199351, at *4 ("If the fiduciaries fail to remove an imprudent investment from the plan within a reasonable time, they breach their duty."); Tibble v. Edison Int'l, No. CV 07-5359 SVW (AGRx),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |
|---|---|---|---|

| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |
|---|---|

2017 WL 3523737, at *11-12 (C.D. Cal. Aug. 16, 2017) (finding breach of duty to monitor where fiduciary failed to immediately remove funds and should have known that they were an imprudent investment at the time).

Accordingly, the Court finds that Plaintiffs have stated a claim against NFP for a breach of duty regarding the provision of advice concerning the retention of flexPATH target date funds.

    *iv.*   *Prudence of Advice Regarding flexPATH CITs*

NFP also asserts that Plaintiffs failed to plausibly allege that NFP breached its duty in advising on the selection and retention of the flexPATH CITs. NFP Mot. at 11–15. The Court previously dismissed this claim because the FAC lacked sufficient detail. See Order at 14. The SAC adds new details about the alleged deficiencies in the process by which NFP provided advice concerning the flexPATH CITs. At the time of the Plan's investment, the flexPATH CITs allegedly had limited actual performance histories and NFP allegedly did not even present that limited information to the Wood Defendants. SAC ¶¶ 107-108, 119-120, 135–36. Plaintiffs additionally allege that an investigation of the investments underlying the International Fund or the Core Bond Fund (two of the three flexPATH CITs) would have revealed underperformance and not supported a reasoned decision to invest. Id. ¶¶ 110, 112–13, 123–24. Also, the Plan allegedly had the option of investing in the underlying funds at a lower cost, but NFP and the Wood Defendants allegedly did not investigate or consider that option. Id. ¶¶ 111, 122, 138. Contrary to the practice outlined in the IPS and NFP's practice when recommending other funds, NFP allegedly did not perform a full investigation or evaluation of the CITs before recommending them to the Wood Defendants. Id. ¶¶ 109, 121, 126–127, 136–37.

In support of its argument that Plaintiffs still fail to state a claim, NFP's motion to dismiss presented two separate lines of argument, neither of which are convincing. First, NFP heavily relies on exhibits that the Court has already determined are not proper subjects of judicial notice and may not be considered at this stage. Next, NFP relies on the fact that the Court granted its earlier motion to dismiss. While the FAC may not have been sufficiently detailed, the SAC provides specific new allegations about the process that NFP used to provide advice to the Wood Defendants and why it was imprudent. See generally Dkt. No. 105-1 (comparing redlined version of FAC and SAC that shows new detailed allegations concerning the process prior to recommending the flexPATH CITs).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.     SACV 21-301 JVS (KESx)                     Date     February 8, 2022

Title        Robert Lauderdale et al. v. NFP Retirement, Inc. et al.

In its Request for Hearing, NFP argues that the failure to present actual performance data cannot be a breach of fiduciary duty. See NFP Request at 2. It points to the Plaintiffs allegations that because the funds were new, it was not possible to consider actual performance results over "any meaningful period." See SAC ¶¶ 108, 120. The case law cited by NFP highlights the flaw in this argument. See Dorman v. Charles Schwab Corp., No. 17-cv-00285-CW, 2019 WL 580785, at *6 (N.D. Cal. Feb. 8, 2019) (holding that, standing alone, three to five years of data is insufficient to state a claim based on underperformance); Forman v. TriHealth, Inc., – F. Supp. 3d –, 2021 WL 4346764, at *8 (S.D. Ohio Sept. 24, 2021) (agreeing with the conclusion of prior courts that "a three-year period is too short to support a breach of fiduciary duty claim"). NFP is correct that the limited amount of performance data available at the time is not independently meaningful, and that it would not support a claim for breach of fiduciary duty that was based solely on underperformance. However, the Plaintiffs bring a claim for breach of fiduciary duties based on a deficient process, which raises distinct concerns. See Forman, 2021 WL 4346764, at *8 (declining to "bless the Plan or Defendants' processes"). The failure to present the limited data that does exist does have probative value regarding the diligence of NFP's process.

NFP also asserts that the allegations of a failure to present information about lower cost versions of the funds underlying the flexPATH CITs does not state a claim because the Plaintiffs are not comparing the same investments with the same services. NFP Request at 2-3. At this stage, the Court may only look to the allegations in the complaint. Plaintiffs allege that the same underlying investment was available at a lower cost from the same manager. SAC ¶¶ 111, 122, 138. Taking those allegations as true, as the Court must at this stage, paying an additional fee to a sub-advisor could be a breach of fiduciary duty. While NFP may ultimately be successful in arguing that the additional sub-advisor services provided by flexPATH warranted any additional fees, that is not an appropriate determination for the Court to make when ruling on a motion to dismiss.

NFP also takes issue with the allegations that it failed to follow the IPS. NFP Request at 3. Ultimately, the IPS does provide broad discretion to replace funds. See IPS, Ex. 16, at 309 ("[M]onitoring criteria shall not, under any circumstances, be taken as definitive, conclusive, or controlling for removal, termination, or continuation of an investment option. All determinations should be made by [the Wood Defendants], in [their] sole discretion, after taking into consideration any facts and circumstances that it deems to be relevant."). But even though the IPS gives discretion to replace funds, that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |
|---|---|---|---|

| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |
|---|---|

alone does not defeat Plaintiffs' allegations. The SAC alleges that the Wood Defendants and NFP developed a "watch list" to identify funds that may need to be replaced. SAC ¶ 126. It further alleges that there was a process identified to evaluate those funds on the watch list, SAC ¶ 127, and that the process was not followed before replacing existing funds with the Core Bond Fund and the Large Cap Value Fund. SAC ¶¶ 127, 137. NFP acknowledges that it did not follow that process, but argues that it is not relevant because the funds being replaced were not on the watch list. NFP Request at 3. While true, this only establishes that the replacement was not a per se breach of duty. When viewed in context taken with the totality of the allegations, Plaintiffs plausibly state a claim that NFP breached its fiduciary duties. See Hughes, 2022 WL 199351, at *4 (remanding so that the court may "reevaluate the allegations as a whole").

Finally, NFP asserts that Plaintiffs failed to plausibly allege that NFP breached its duty in advising on the retention of the flexPATH CITs. See NFP Mot. at 15; NFP Request at 4. The only allegations concerning the retention of the flexPATH CITs are that a prudent fiduciary would have taken prompt action to remove the International Stock Fund and the Core Bond Fund from the Plan because of their underperformance. SAC ¶¶ 114, 131. While there are not any process allegations concerning actions taken by NFP during the period of time when the flexPATH CITs were in the Plan, knowledge of those actions is within NFP's control, thus Plaintiffs cannot be expected to know specific details. See Concha, 62 F.3d at 1503. As discussed regarding the flexPath target date funds, allegations of an imprudent selection process may support a reasonable inference of an imprudent monitoring process. See  Tibble, 2017 WL 3523737, at *11-12. The retention allegations are weaker here, as they only relate to the underperformance of two of the three flexPATH CITs. While this is a close call, the Court finds that this is sufficient to state a claim because of the underlying principle that "[i]f the fiduciaries fail to remove an imprudent investment from the plan within a reasonable time, they breach their duty." Hughes, 2022 WL 199351, at *4.

Thus, the SAC plausibly states a claim that NFP breached its fiduciary duties in the provision of advice concerning the selection and retention of the flexPATH CITs.

v.    *Duty of Loyalty*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |
|---|---|---|---|

| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |
|---|---|

Next, NFP argues that Plaintiffs fail to specifically allege facts to support a breach of duty of loyalty claim. NFP Mot. at 16. As discussed above, the Plaintiffs are not required to make formal distinction of their pleadings based on breach of loyalty and breach of fiduciary duty.

At the heart of the breach of the duty of loyalty is the allegation that NFP made decisions to benefit flexPATH rather than the Plan and its participants. See SAC ¶ 2. While Plaintiffs emphasize the close ties between NFP and flexPATH. the Court's prior Order declined to pierce the corporate veil. See Order at 16 ("The Court does not agree that it is proper to ignore the corporate distinction between flexPATH and NFP."). Plaintiffs do not add any new allegations in the SAC that are sufficient to establish that NFP and flexPATH fail to recognize corporate formalities.

However, unlike the FAC, the Court has already found that the allegations of SAC are sufficient to support a claim for breach of the duty of prudence against NFP. For the same reasons, they also support a claim for the breach of the duty of loyalty. Plaintiffs allege that NFP undertook more robust analysis when considering non-flexPATH funds, with the purpose of benefitting flexPATH. SAC ¶ 127. ERISA requires that a fiduciary exercises its duties "solely in the interest of the participants and beneficiaries," 29 U.S.C. § 1104(a)(1), and "for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonably expenses of administering the plan." Id. § 1104(a)(1)(A). The duty of loyalty may be breached by acting contrary to the participants interests, regardless of whether the fiduciary personally receives the benefit. It is easy to imagine a hypothetical scenario where a fiduciary steers a plans investments towards a higher-cost investment manager that is not formally affiliated with the fiduciary for the purpose of securing lower-cost investments for itself or other clients. That is analogous to the scenario here.

Accordingly, the Court finds that the Plaintiffs have alleged sufficient facts to plausibly state a claim against NFP for breach of the duty of loyalty.

vi.     *Co-Fiduciary Liability*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |
|---|---|---|---|

| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |
|---|---|

NFP also argues that the co-fiduciary liability claim should not be allowed to proceed. NFP Mot. at 22. As discussed above, the Court finds that section 1105(d) relieves NFP from liability for breaches caused by flexPATH in its role as investment manager.

Accordingly, the Court **GRANTS** the motion to dismiss the first cause of action against NFP to the extent that it relies upon co-fiduciary liability for actions taken by flexPATH as investment manager. The Court otherwise **DENIES** the motion to dismiss the first cause of action against NFP.

### B.     flexPATH Motion to Dismiss –  Count 1

The first count of the SAC alleges that flexPATH breached its duties of loyalty and prudence in violation of 29 U.S.C. § 1104(a)(1)(A) and (B) by selecting and retaining the flexPATH funds in the Plan. SAC ¶ 166. Plaintiffs allege that flexPATH managed the target date funds under an untested investment strategy that was inferior to alternatives available to the Plan. Id. Additionally, Plaintiffs allege that flexPATH is liable for losses caused by the other Defendants as co-fiduciaries under 29 U.S.C. § 1105(a). Id. ¶ 171. flexPATH argues that the first cause of action should be dismissed because Plaintiffs fail to allege a breach of the duties of loyalty or prudence. flexPATH Mot. at 7.

#### i.     *Selection of the flexPATH Target Date Funds*

First, flexPATH argues that it was not acting as a fiduciary at the time the decisions was made to add the flexPATH target date funds to the Plan. flexPATH Mot. at 9-10. Plaintiffs allege that the Wood Defendants made the decision to include the flexPATH target date funds on February 25, 2016, SAC ¶ 45, but flexPATH did not become a fiduciary until it was engaged as an investment manager on March 21, 2016. Id. ¶ 46. While flexPATH exercised its authority to designate its own target date funds as the default option, flexPATH argues that was separate from the decision to give Plan participants the opportunity to invest in them. flexPATH Reply at 6.

Plaintiffs argue that the allegations state that the Wood Defendants expressly authorize flexPATH to select funds, which does not relieve flexPATH of any responsibility. flexPATH Opp'n at 5. In their view, flexPATH exercised its delegated fiduciary authority when it chose to add the flexPATH funds to the Plan. Id. at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.     SACV 21-301 JVS (KESx)                      Date     February 8, 2022

Title     Robert Lauderdale et al. v. NFP Retirement, Inc. et al.

The Court agrees with the Plaintiffs. While the SAC contains additional allegations about the process of the Wood Defendants prior to approving addition of the flexPATH funds, the allegations continue to state that the flexPATH Target date funds were not actually added to the Plan until June 2016. SAC ¶ 49. The documents retaining flexPATH state that it "may" include its own funds, not that it "shall" include them. See Dkt. No. 72-9, at 143. It is possible that the Wood Defendants failed to exercise their fiduciary duty prior to making the decision to approve the future inclusion of the flexPATH Target date funds in the Plan, and that flexPATH breached its own fiduciary duty by following through and exercising the authority to include the Target date funds.

>          *ii.     Independent Investigation*

Next, flexPATH argues that the Court's prior Order improperly held it to a standard that required it to perform its own investigation prior to adding flexPATH Target date funds to the Plan. flexPATH Mot. at 10-11. flexPATH asserts that not only did the Court improperly apply the law, see flexPATH Mot. at 12, but that the SAC does not plead facts to show that flexPATH failed to investigate. Id. at 11.

First, the Court is unconvinced by flexPATH's renewed attempt to interpret the case law such that it absolves them of the requirement to conduct an independent investigation. "[T]he most basic of ERISA's investment fiduciary duties [is] the duty to conduct an independent investigation into the merits of a particular investment." In re Unisys Sav. Plan Litigation, 74 F.3d 420, 435 (3d Cir. 1996). When a fiduciary engages in a self-dealing transaction, they have the heavy burden of proving that their fiduciary duties were satisfied. Howard, 100 F.3d at 1488. Receiving an "incidental benefit from conduct undertaken solely for the benefit of the participants and beneficiaries" does not violate fiduciary duties, provided that "the fiduciary must act only after a careful and impartial investigation." Crowhurst v. Calif. Inst. of Tech., No. CV 96-5433 RAP (SHX), 1999 WL 1027033, at *17 (C.D. Cal. July 1, 1999). Regardless of whether the benefit received by flexPATH here is better characterized as incidental or direct, it clearly exists. Thus, flexPATH had a duty to investigate.

The Court also agrees with the Plaintiffs that they have alleged sufficient facts to survive a motion to dismiss. Plaintiffs have presented specific details regarding flexPATH's alleged failure to properly investigate whether the target date funds were a prudent investment for the Plan. See, e.g., SAC ¶¶ 46, 49, 167. Even if flexPATH is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |
|---|---|---|---|

| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |
|---|---|

ultimately able to prove that it did conduct a sufficient investigation, that is not enough to dismiss the complaint at this stage. Cf. Reetz v. Lowe's Companies, Inc., No. 5:18-CV-00075-KDB-DCK, 2021 WL 4771535, at *53-56 (W.D.N.C. Oct. 12, 2021) (holding at summary judgment stage that evidence showed principled reasons for making investment decisions while acknowledging that the distinction depends heavily on the particular facts and circumstances of each case).

      *iii.*    *Retention of Funds*

flexPATH also argues that the SAC fails to include any allegations of wrongdoing between the addition of the funds and the termination of flexPATH as the advisor that would support a breach of duty related to retention of funds in the Plan. flexPATH Mot. at 15-17. While there are no express allegations of actions taken or not taken by flexPATH during the time that the flexPATH target date funds were a part of the Plan, the allegations meet the standard for facial plausibility by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

As discussed above, Plaintiffs present detailed allegations concerning the process by which flexPATH selected its own target date funds to include within the Plan. The knowledge of the actions taken by flexPATH to evaluate the prudence of those investments once they were in the Plan is within flexPATH's control, thus Plaintiffs cannot be expected to know the specific details at this stage. See Concha v. London, 62 F.3d 1493, 1503 (9th Cir. 1995). The Court agrees with the Plaintiffs that the allegations support the logical inference that the same fiduciary that failed to engage in a prudent process prior to selecting the investment did not immediately remedy that failure as soon as the investment was made. See Tibble v. Edison Intern'l, No. CV 07-5359 SVW (AGRx), 2017 WL 3523737, at *11-12 (C.D. Cal. Aug. 16, 2017) (finding breach of duty to monitor where fiduciary failed to immediately remove funds and should have known that they were an imprudent investment at the time).

      *iv.*    *Breach of Loyalty*

Finally, flexPATH argues that the duty of loyalty claim should be dismissed because the Plaintiffs fail to present separate allegations. flexPATH Mot. at 18. As

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 21-301 JVS (KESx)                    Date   February 8, 2022

Title      Robert Lauderdale et al. v. NFP Retirement, Inc. et al.

discussed above, the Plaintiffs are not required to make formal distinction of their pleadings based on breach of loyalty and breach of fiduciary duty.

At the heart of the breach of the duty of loyalty is the allegation that the Defendants made decisions to benefit flexPATH rather than the Plan and its participants. See, e.g., SAC ¶ 2. Unlike the cases cited by flexPATH, the Court has already found that the allegations of SAC are sufficient to support a claim for breach of the duty of prudence against flexPATH. The alleged breach of prudence is based on allegations that flexPATH failed to perform its duties where transactions had the potential to benefit itself instead of the Plan participants. That is sufficient to plausibly state a claim against NFP for breach of the duty of loyalty.

Accordingly, flexPATH's motion to dismiss the first cause of action is **DENIED.**

**C.     Wood MTD - Count I - Breach of Fiduciary Duty Related to flexPATH Funds**

The first count of the SAC alleges that the Wood Defendants breached their duty of prudence in violation of 29 U.S.C. § 1104(a)(1)(B) by selecting and retaining the flexPATH funds in the plan. SAC ¶ 165. Plaintiffs allege that the Wood Defendants failed to discharge their fiduciary duties by deciding to, and allowing, flexPATH to include its target date funds in the Plan, and by selecting and retaining other funds that were inferior to available alternatives. Id. ¶ 166. Finally, Plaintiffs allege that the Wood Defendants are liable for losses caused by the other Defendants as co-fiduciaries under 29 U.S.C. § 1105(a). The Wood Defendants move to dismiss on the grounds that the Plaintiffs fail to state a claim regarding the process of selecting the target funds, Wood Mot. at 6-13, or the flexPATH CITs. Id. at 13-16.

*i.     ERISA Section 405(d)*

As a preliminary matter, the Wood Defendants argue that it is not liable for any breach of duty related to the flexPATH target date funds. The Court's prior Order reached the conclusion that under ERISA Section 405(d)(1), flexPATH's status as an appointed investment manager precludes claims against the Wood Defendants related to flexPATH's investment in the target date funds. See Order at 11. The Wood Defendants argue that this same logic supports dismissing these claims in the SAC because the new

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |
|---|---|---|---|

| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |
|---|---|

allegations do not change the legal effect of the appointment of an investment manager.
Wood Mot. at 7.

In response, Plaintiffs argue that the SAC now alleges that the Wood Defendants
approved the addition of the flexPATH Target date funds prior to hiring flexPATH.
Wood Opp'n at 4. In their view, the statutory exemption does not relieve Wood of
liability for fiduciary conduct that occurred before the appointment of an investment
manager. Id. at 4.

The Court agrees with Plaintiffs. The plain language of the statute clearly states
that the protection applies once the investment manager is appointed. See 29 U.S.C. §
1105(d)(1). As the Plaintiffs have alleged a breach of duty that took place prior to the
retention of flexPATH, it is not barred by section 405(d).

ii.    *Process of Selecting the Target Date Funds*

Next, the Wood Defendants argue that even if they can be held legally liable, the
allegations and incorporated evidence reflect a prudent process that defeats the claims.
Wood Mot. at 7-9. The Wood Defendants also dispute the Plaintiffs' characterizations of
the fund expenses, performance history, investment policy statements, and ongoing
monitoring activities. Id. at 9-13.

The Plaintiffs argue that the choice of untested fund is indicative of an imprudent
process, especially when contrasted with the process used when considering non-
flexPATH funds. Wood Opp'n at 4-7. Plaintiffs argue that they are not required to rule
out every lawful possibility at this stage. Id. at 10. While there may be reasons that a
prudent fiduciary could have chosen to make similar investments, the question at hand is
whether the process was sound. Id. at 10-15.

As discussed above in response to the NFP motion to dismiss, the SAC contains
significant detailed allegations concerning the process prior to the decision to grant
flexPATH the authority to add its own target date funds to the Plan. While many of the
alleged deficiencies were related to NFP's failures to provide sufficient information, the
fact that NFP was providing advice to the Wood Defendants does not absolve them of
their fiduciary duties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |

| | |
|---|---|
| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |

Among other allegations, Plaintiffs allege that the Wood Defendants authorized the use of a new investment based solely on hypothetical returns and without examining the limited actual track record that did exist, SAC ¶¶ 74–75, that the Wood Defendants did not compare the fees and returns of the flexPATH Index target date funds to a passively managed alternative, id. ¶ 80, and that the Wood Defendants failed to undergo an independent investigation or consider another provider to serve as the discretionary investment manager for the QDIA. Id. ¶ 83, 85. The SAC also alleges that the Wood Defendants decided to invest in the flexPATH CITs without evaluating or investigating lower cost alternatives, SAC ¶¶ 109, 121, 136, nor did they ask NFP to investigate whether the underlying funds could be available at a lower cost. SAC ¶ 149.

In sum, the allegations reflect a process that did not consider all the alternatives, relied on minimal data, and was inconsistent with the process used for other investments. While the Wood Defendants are correct that there may be reasons why a prudent fiduciary could have chosen to make similar investments, the question at hand is whether the process was sound. At this stage, the Plaintiffs' allegations that the Wood Defendants breached their fiduciary duties regarding the investments in the flexPATH target date funds and the flexPATH CITs are sufficient to survive a motion to dismiss.

### iii. *Co-Fiduciary*

The Wood Defendants also argue that the co-fiduciary liability claim should not be allowed to proceed. Wood Reply at 2. As discussed above, the Court finds that section 1105(d) relieves the Wood Defendants from liability for breaches caused by flexPATH in its role as investment manager.

Accordingly, the Court **GRANTS** the motion to dismiss the first cause of action against the Wood Defendants to the extent that it relies upon co-fiduciary liability for actions taken by flexPATH as investment manager. The Court otherwise **DENIES** the motion to dismiss the first cause of action against the Wood Defendants.


**2.      Count 2: Breach of Fiduciary Duty – Higher Cost Investments**

The second claim alleges that NFP and the Wood Defendants breached their fiduciary duties in violation of 29 U.S.C. § 1104(a)(1) by adding higher-cost investments

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |

| | |
|---|---|
| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |

to the Plan when lower-cost alternatives were available. The Court's prior Order stated that "[a]lleging only the inclusion of more expensive share classes is not enough." Order at 15 (quoting Kurtz v. Vail Corp., 511 F. Supp. 3d 1185, 1199 (D. Colo. 2021)). In light of the disagreement among the parties about the relevant standard, the Court begins by reviewing the case law.

In Tibble I, the Ninth Circuit considered the argument that a fiduciary "should have offered only wholesale or institutional funds." 729 F.3d at 1135. The court held that "[t]here are simply too many relevant consideration for a fiduciary, for that type of bright-line approach to prudence to be tenable." Id. The en banc Ninth Circuit revisited that same issue after remand from the Supreme Court and elaborated on the holding. After a review of the underlying trust law principles, the court in Tibble III noted that "a trustee cannot ignore the power the trust wields to obtain favorable investment products, particularly when those products are substantially identical–other than lower cost–to products the trustee has already selected." 843 F.3d at 1198.

In applying that standard, some cases have found a breach of fiduciary duty for investing in higher cost shares instead of lower cost shares of the same product. See Tibble v. Edison Int'l, 2017 WL 3523737, at *11-12 (finding that no prudent fiduciary would have chosen to invest in higher cost retail shares instead of the lower-cost institutional shares for the mutual funds in question); Terraza v. Safeway Inc., 241 F. Supp. 3d 1057, 1076-77 (N.D. Cal. 2017) (finding that plaintiff alleged breach of fiduciary duty where the only difference price and there was an allegedly deficient process). In both of those cases courts found that the breach of duty in part by relying on other factors. See Terraza, 241 F. Supp. 3d at 1078 (describing the prudence inquiry as fact intensive).

While they reach a different conclusion, these cases are compatible with the proposition that "merely alleging that a Plan offers retail-class rather than institutional-class funds is insufficient to state a claim for the breach of duty of prudence." Kurtz, 511 F. Supp. 3d at 1199. Courts reject claims when plaintiffs allege nothing more than the fact that a cheaper option exists without any additional allegations concerning the fiduciary's process. See, e.g., Kurtz, 511 F. Supp. 3d at 1198-99 (rejecting claim for breach of the duty of prudence where there were no allegations of an improper relationship or any other deficiencies beyond the fact that some options in plan had cheaper alternatives); White v. Chevron Corp., No. 16-cv-0793-PJH, 2017 WL 2352137

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |
|---|---|---|---|

| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |
|---|---|

(N.D. Cal. May 31, 2017) (rejecting breach of prudence claim where there were no allegations suggesting an imprudent process of selection and monitoring). Courts also reject the claims if the investment vehicles are not comparable. See White v. Chevron Corp., No. 16-cv-0793 PJH, 2016 WL 4502808 (N.D. Cal. Aug. 29, 2016) (rejecting breach of prudence claim based on cost comparison where the investment vehicles had unique regulatory and transparency features).

All of these cases are consistent with the overarching principle from Tibble III: "a trustee cannot ignore the power the trust wields to obtain favorable investment products, particularly when those products are substantially identical–other than lower cost–to products the trustee has already selected." 843 F.3d at 1198 (9th Cir. 2016). The Defendants do not dispute that proposition. See NFP Reply at 11 (describing Tibble as "stand[ing] for the unremarkable proposition that evidence of the availability of substantially cheaper, institutional share classes of the same mutual funds may support a breach of fiduciary duty claim").

Thus, to survive a motion to dismiss, there are two criteria that a plaintiff must satisfy. First, alleging lower-cost alternatives alone is insufficient – the alternatives must be "substantially identical." Second, because of the myriad distinctions between financial products and the numerous reasons why a fiduciary may choose to include one investment vehicle instead of another, there must be some allegation of an imprudent process.

**A.     Count Two – Wood Defendants Motion to Dismiss**

The second count of the SAC alleges that the Wood Defendants breached their duty of prudence under 29 U.S.C. § 1104(a)(1)(B) by selecting and retaining certain higher-cost investments as Plan options that charged unreasonable fees compared to lower-cost options that were available at the time. SAC ¶ 174. Plaintiffs have satisfied both of the necessary criteria to state a claim against the Wood Defendants.

First, the SAC directly alleges that the Plan invested in higher cost options despite allegedly having the option to invest other products sold by the same managers that were identical in every aspect other than being lower cost. Plaintiffs allege that instead of investing in the flexPATH CITs, the Plan could have invested in the same underlying products at a lower cost. See id. ¶¶ 111, 122, 138. Plaintiffs allege that the Wood

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |
|---|---|---|---|

| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |
|---|---|

Defendants provided higher cost "I1" shares of the flexPATH Index target date funds, even though lower-cost "R" shares were available. SAC ¶ 147. While the Wood Defendants dispute whether the "I1" shares were in fact cheaper, see Wood Mot. at 16-17, the Court must accept the allegations as true for the purposes of this motion. Finally, Plaintiffs allege that the Plan selected and maintained higher-cost Trust Plus shares of the Vanguard Target Retirement target date funds to the Plan when lower-cost Select shares were available. SAC ¶ 148. The Wood Defendants assert that the lower-cost shares were not available because the Plan's assets did not meet the necessary minimum to invest at that rate. See Wood Mot. at 17; Wood Request at 3. However, the SAC plausibly alleges that the waiving of the minimum requirement is a common practice, SAC ¶ 145, that Vanguard engages in that practice, id. ¶ 146, and that similarly situated funds with smaller amounts of assets were able to invest in the lower-cost shares. Id. ¶ 148. See also Tibble v. Edison Int'l, No. 07-5359, 2010 WL 2757153, at *9 (C.D. Cal. July 8, 2010) (vacated on other grounds by Tibble II) (describing the practice of waiving investment minimums for institutional share classes).

Second, the Plaintiffs have presented numerous specific allegations of an imprudent process. Plaintiffs allege that the process of evaluating the potential investments in the flexPATH CITs was generally deficient, see, e.g., id. ¶¶ 109, 121, 126-27, 136, 137, and make specific allegations concerning the decision to retain each of the products at issue. See, e.g., id. ¶¶ 108, 110, 120, 129, 136. Plaintiffs allege that meeting records indicate that the Wood Defendants did not inquire about investing directly with the underlying managers, nor did they consider investing in the lower-cost shares. See id. ¶¶ 147–151. This is sufficient to state a claim that can survive a motion to dismiss.

Accordingly, the Court **DENIES** the motion to dismiss the second cause of action against the Wood Defendants.

**B.      Count Two – NFP Motion to Dismiss**

The second count of the SAC alleges that NFP breached its duties of loyalty and prudence under 29 U.S.C. § 1104(a)(1)(A) and (B) by selecting and retaining certain higher-cost investments as Plan options that charged unreasonable fees compared to lower-cost options that were available at the time. SAC ¶ 174. Plaintiffs also allege that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |
|---|---|---|---|

| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |
|---|---|

NFP is liable for losses caused by the other Defendants as co-fiduciaries under 29 U.S.C. § 1105(a). Id. ¶ 176.

NFP argues that this count must be dismissed because it did not have any direct responsibility for the selection and retention of the Plan's investment options. NFP Mot. at 17. As discussed above, the Investment Advisory Agreement between NFP and the Wood Defendants states that NFP was a fiduciary under § 1002(21)(A)(ii). See Dkt. No. 72-8, at 136. The allegations concerning count two are consistent with NFP rendering investment advice per its role as a fiduciary under § 1002(21)(A)(ii), not exercising discretionary control as a fiduciary would under § 1002(21)(A)(i). Thus, the Court finds that Plaintiffs have not stated a claim to the extent that it is premised on NFP's direct responsibility for the selection and retention of the higher cost investment options.

However, the SAC also alleges that NFP is liable as a co-fiduciary under 29 U.S.C. § 1105(a). Among other reasons, "a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan . . . if, by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach. 29 U.S.C. § 1105(a)(2). Plaintiffs' allegations of a deficient process are sufficient to allege that NFP breached § 1104(a)(1) by failing to satisfy the duty of prudence.

Plaintiffs allege that the process of evaluating the potential investments in the flexPATH CITs was generally deficient, see, e.g., id. ¶¶ 109, 121, 126-27, 136, 137, and make specific allegations concerning the decision to retain each of the products at issue. See, e.g., id. ¶¶ 108, 110, 120, 129, 136. Plaintiffs allege that meeting records indicate that NFP did not recommend lower-cost shares to the Wood Defendants, nor did they investigate whether the Plan would be eligible for those lower cost shares. See id. ¶¶ 147–151. This is sufficient to state a claim that can survive a motion to dismiss.

Accordingly, the Court **DENIES** the motion to dismiss the second cause of action against NFP because Plaintiffs have stated a claim for co-fiduciary liability.

**3.    Count 3 – Prohibited Transactions**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.     SACV 21-301 JVS (KESx)                    Date    February 8, 2022

Title     Robert Lauderdale et al. v. NFP Retirement, Inc. et al.

The third claim alleges that all Defendants engaged in prohibited transactions in violation of 29 U.S.C. § 1106.

## A.     flexPATH Motion to Dismiss – Count 3

The third count of the SAC alleges that flexPATH participated in prohibited transactions in violation of 29 U.S.C. § 1106. SAC ¶¶ 177-85. Specifically, Plaintiffs allege that flexPATH was a Plan fiduciary and benefited itself by causing the Plan to invest Plan assets in its own interest in violation of § 1106(b)(1)-(3). Id. ¶ 179. Additionally, Plaintiffs allege that flexPATH was a party in interest and by causing the Plan to use the flexPATH funds, it caused the Plan to engage in transactions with a party in interest in violation of § 1106(a). Id. ¶ 180-83. flexPATH argues that the cause of action should be dismissed for a number of different reasons.

First, flexPath argues that Plaintiffs cannot show that flexPATH caused the Plan to invest in the flexPATH Target date funds because the decision to invest in the flexPATH Target date funds was made prior to hiring flexPATH as the Plan's investment manager. flexPATH Mot. at 19. Thus, flexPATH argues that even if it received a benefit from the decision, it was not a fiduciary of the Plan at the time the decision was made, thus it is not liable for a violation of § 1106(a).

As discussed above, while the Wood Defendants made the decision to give flexPATH the authority to include the flexPATH target date funds, flexPATH's subsequent decision to add the funds to the Plan was an independent exercise of discretion. The same logic applies here. flexPATH is not absolved of responsibility as a fiduciary because of any prior decisions made by the Wood Defendants.

Next, flexPATH argues that the Plaintiffs do not allege that any transactions prohibited by §§ 1106(a) or (b) occurred. flexPATH Mot. at 20. flexPATH argues that the Court's prior Order incorrectly found that the indirect benefit of an increase in assets under management was sufficient to trigger an ERISA prohibited transaction. Id. at 20. In its view, a reputational effect, such as having increased funds under management, is not a plan asset for purposes of a prohibited transaction. Id. at 21. Plaintiffs argue that § 1106(a)(1)(D) expressly applies to "direct or indirect" transfers of plan assets. flexPATH Opp'n at 18. The SAC is not alleging reputational benefit, but that the Plan assets had a financial benefit as seed money to grow its retirement business. Id. at 18. Additionally,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |
|---|---|---|---|

| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |
|---|---|

Plaintiffs argue that flexPATH fails to address the §1106(a)(1)(C) argument that pertains to furnishing of services and does not require a transfer of plan assets. Id. at 18.

The Court agrees with the Plaintiffs. 29 U.S.C. § 1106(a)(1)(D) prohibits "direct or indirect transfer to, or use by or for the benefit of a party in interest, of any assets of the plan." The Court's prior Order held that transfers of Plan assets to Wilmington, the trustee of the target date funds, qualified as a prohibited transaction because the transfers were "for the benefit of a party in interest," even if they were not made directly to flexPATH. See Order at 17. flexPATH presents no reason to revisit that conclusion.

The Court's prior Order found that the FAC stated a claim for a violation 1106(b) because "flexPATH is still alleged to have received benefits from the investment in the flexPATH funds, even if the flexPATH funds were technically in the possession of trustees." Order at 19. However, flexPATH argues that the Court did not specifically analyze whether that benefit violated the subsections at issue. As discussed above, the Court sees no reason to depart from the reasoning of its prior Order that more money under management implicates section 1106. The same applies to section 1106(b) which prohibits a fiduciary from "deal[ing] with the assets of the plan in his own interest." 29 U.S.C. § 1106(b).

flexPATH also makes the claim that if the Court finds that this a prohibited transaction, it would have the unintended effect of prohibiting a common industry practice. flexPATH Mot. at 22. But whether or not the practice is common, allowing the complaint to proceed past the motion to dismiss stage does not mean that every transaction of this type would be prohibited. See also flexPATH Opp'n at 19 (disputing the contention that transactions of this scale are common industry practice, and arguing that even if they were, the evident self-interest merits a strict standard).

Also, flexPATH argues there is no allegation of an intent to benefit flexPATH. The only authority flexPATH cites to support an intent requirement is an out of circuit case that required allegations of subjective intent to benefit a party in interest to support a prohibited transaction claim. See Sweda v. Univ. of Penn., 923 F.3d 320, 337-38 (3d Cir. 2019). The Court is not inclined to impose an intent requirement that is not in the text of the statute. However, even if it did exist, the Court agrees that Plaintiffs have sufficiently alleged that flexPATH intended to benefit itself. flexPATH Opp'n at 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |
|---|---|---|---|

| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |
|---|---|

Finally, flexPATH argues that the Plaintiffs fail to allege any facts that it participated in transactions involving the flexPATH CITs because they were added after it ceased to be the investment manager for the Plan. flexPATH Mot. at 23. Plaintiffs response appears to rely on the affiliation between NFP and flexPATH, see flexPATH Opp'n at 20, which the Court has previously stated that it will not rely on to support liability.

Accordingly, the Court **GRANTS** the motion to dismiss the third cause of action against the flexPATH Defendants for liability related to the flexPATH CITs and **DENIES** the motion to dismiss the third cause action regarding the flexPATH target date funds transactions.

### B.    NFP Motion to Dismiss – Count 3

The third count of the SAC alleges that NFP participated in prohibited transactions in violation of 29 U.S.C. § 1106. SAC ¶¶ 177-85. Specifically, Plaintiffs allege that NFP was a Plan fiduciary and dealt with Plan assets in its own interest, on behalf of a party with interests adverse to the Plan, and received consideration from parties dealing with the Plan. Id. ¶ 179. Additionally, Plaintiffs allege that NFP was a party in interest and by causing the Plan to use the flexPATH funds, it caused the Plan to engage in transactions with a party in interest. Id. ¶ 180.

As an initial matter, for the same reasons as discussed in the prior Order, the Court declines to pierce the corporate veil and find that NFP received plan assets. See Order at 16. However, this does not end the inquiry. Section 1106(a) does not require that the party in interest that receives the benefit is the same as the entity that causes the prohibited transaction. See 29 U.S.C. § 1106(a)(1). In theory, it would be possible for NFP, a fiduciary, to cause a prohibited transaction that benefited flexPATH, a party-in-interest.

NFP argues that the claim must be dismissed because the Plaintiffs have not alleged that they caused a prohibited transaction. Reply at 12. In its view, without the discretionary authority to select the investment, it cannot be a cause of a prohibited transaction under § 1106(a)(1). However, the limited case law that NFP cites to support that conclusion is neither binding on this court, nor does it present analogous factual situations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |

| | |
|---|---|
| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |

The Fifth Circuit has stated that "[a] person cannot 'cause' a prohibited transaction unless he or she 'exercise[s] discretionary authority or control' over whether the plan enters into the transaction." Sommers Drug Stores Co. Emp. Profit Sharing Trust v. Corrigan, 883 F.2d 345, 352 (5th Cir. 1989). However, in Sommers, the defendants were not named fiduciaries of the plan. Id. In Chesemore v. Alliance Holdings, Inc., the court held that an investment advisor was not liable for causing a prohibited transaction because it did not have discretionary authority, and the defendant only had limited fiduciary duties. 886 F. Supp. 2d 1007, 1050-51 (W.D. Wisc. 2012). Finally, in Fish v. Greatbanc Trust Company, the court considered the meaning of "cause" in the context of section 406. No. 09 C 1668, 2016 WL 5923448, at *60–61 (N.D. Ill. Sept. 1, 2016). The court stated that "[i]t would be a bizzare logic that would hold [the defendants] accountable for causing [the plan] to engage in a transaction when they hired an independent trustee" for that specific purpose. Id. at *60. But the court went on to note that "[n]evertheless, the statute does not say what it means by 'cause,'" and contemplated that because the defendants were a "but for" cause of the transaction, they potentially could be held liable. Id. Ultimately, the court declined to resolve the question because another statutory exemption applied.

Faced with the limited case law, the Court is inclined to find that Plaintiffs have stated a claim. Fish provides the most in-depth analysis of the question, and leaves the door open to but-for causation being sufficient under section 406. That does not mean that liability will exist in all situations. In some circumstances the causal link between the transaction and the fiduciaries duties and actions might be too distant. See Chesemore, 886 F. Supp. 2d at 1050-51 (finding that investment advisor did not cause prohibited transaction where the precise extent of the defendants fiduciary duties was unclear). As discussed above, the allegations concerning recommendations and decision making prior to the retention of flexPATH would support the characterization of NFP as a "but for" cause of the allegedly prohibited transactions. NFP clearly played a formal and influential role that led to the Plan's investment in the flexPATH target date funds. While the evidence may ultimately not support a finding of liability, this is sufficient to state a claim.

NFP also raises a timing argument. The Court agrees that the transactions adding the flexPATH CITs to the Plan did not involve a transfer of assets to a party in interest because they were not added to the Plan until after flexPATH ceased acting as investment manager. ERISA defines a party in interest, in part, as "a person providing services to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |
|---|---|---|---|

| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |
|---|---|

such plan." 29 U.S.C. § 1102(B). At the time the flexPATH CITs were added to the plan, flexPATH was no longer the investment manager, and thus was not a party in interest. However, while NFP's role in causing the target date fund transaction occurred before the hiring of flexPATH as investment manager, flexPATH was a party in interest when the transaction occurred. Thus, NFP is not absolved of liability for the addition of the flexPATH target date funds.

Accordingly, the Court **GRANTS** the motion to dismiss the third cause of action against NFP for liability related to the flexPATH CITs and **DENIES** the motion to dismiss the third cause action regarding the flexPATH target date funds transactions.

### C.  Wood Defendants Motion to Dismiss – Count Three

The third count of the SAC alleges that the Wood Defendants participated in prohibited transactions in violation of 29 U.S.C. § 1106. SAC ¶¶ 177-85.  Specifically, Plaintiffs allege that the Wood Defendants caused the Plan to use flexPATH funds, thus engaging in a transaction that transferred plan assets to a party in interest. Id. ¶ 180. The Wood Defendants argue that this count must be dismissed because the SAC does not satisfy the three elements of a prohibited transaction claim. Wood Mot. at 20.

First, similar to NFP, the Wood Defendants argue that they could not have caused a prohibited transaction because flexPATH exercised its discretionary authority with respect to the decision to add the flexPATH target date funds. Wood Mot. at 20–21. However, as discussed above, the Court does not find that flexPATH's discretionary authority prevents the Wood Defendants from being a cause of the transaction. The allegations concerning recommendations and decision making prior to the retention of flexPATH would support the characterization of the Wood Defendants as a "but for" cause of the allegedly prohibited transactions. The Wood Defendants clearly played a formal and influential role that led to the Plan's investment in the flexPATH target date funds.

Next, the Wood Defendants argue that the transactions adding the flexPATH CITs did not involve a transfer of assets to a party in interest because they were not added to the Plan until after flexPATH ceased acting as investment manager. See Wood Mot. at 21. ERISA defines a party in interest, in part, as "a person providing services to such plan." 29 U.S.C. § 1102(B). At the time the flexPATH CITs were added to the plan,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |
|---|---|---|---|

| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |
|---|---|

flexPATH was no longer the investment manager, and thus was not a party in interest. Accordingly, the Court agrees that those transactions do not support a section 406(a) claim.

Finally, the Wood Defendants argue that there was no transfer of plan assets and that there is a statutory requirement for an intent to benefit the party in interest. Wood Mot. at 21–24. As discussed above, the Court declines to read an intent requirement into the statute and declines to revisit its holding that a transfer of plan assets occurred here within the meaning of section 1106.

Accordingly, the Court **GRANTS** the motion to dismiss the third cause of action against the Wood Defendants for liability related to the flexPATH CITs and **DENIES** the motion to dismiss the third cause of action regarding the flexPATH target date funds transactions.

**4.      Count Four - Monitoring Claim**

The fourth count of the SAC alleges that the Wood Defendants breached their fiduciary monitoring duties, thus directly causing the Plan to suffer substantial losses. SAC ¶¶ 186-91. The Court's prior Order held that the FAC did not contain sufficient factual allegations to state a claim against the Wood Defendants for a breach of the duty to monitor. See Order at 20. The Wood Defendants argue that this cause of action should be dismissed again for the same reasons. Wood Mot. at 18-19. However, the Plaintiffs argue that they plausibly allege a failure to prudently monitor flexPATH's actions and because they established an underlying breach, the derivative duty to monitor claim survives dismissal. Wood Opp'n at 16. The Court agrees with the Plaintiffs. In addition to the specific allegations discussed above regarding the Wood Defendants' failure to engage in a prudent process prior to granting flexPATH the authority to add its own funds, the SAC alleges that the Wood Defendants failed to adequately monitor the performance of the flexPATH target date funds. See SAC ¶ 92. Given the underlying breach of duty, this is sufficient to state a derivative claim in light of the "continuing duty . . . to monitor investments and remove imprudent ones." Hughes, 2022 WL 199351, at *3 (quoting Tibble, 575 U.S. at 530).

Accordingly, the Court **DENIES** the motion to dismiss the fourth cause of action against the Wood Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |
|---|---|---|---|

| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |
|---|---|

**5.    Count Five - Breach of Fiduciary Duty Related to Selection of flexPATH**

Finally, the fifth cause of action alleges that the Wood Defendants breached their
duty of prudence in violation of 29 U.S.C. § 1104(a)(1)(B) by selecting flexPATH as the
investment manager. SAC ¶¶ 192-99. The Court's prior Order dismissed this cause of
action because the FAC contained insufficient allegations to support this claim. Order at
20-21. The SAC contains new allegations that the Wood Defendants "conducted no
independent investigation into the merits of using flexPATH," did not consider another
provider or "engage in a competitive bidding process," or evaluate performance data
beyond a single quarter. SAC ¶ 83. The Wood Defendants argue that this is insufficient
because the Plaintiffs do not allege any specific requirement that was violated. See Wood
Reply at 12–13; Wood Request at 4. But again, the Court is required to evaluate the
allegations as a whole to determine whether they plausibly allege a breach of duty.
Hughes, 2022 WL 199351, at *4. Here, the allegations are sufficiently detailed to support
the Plaintiffs' claim that the Wood Defendants decision to retain flexPATH as the
investment manager was an independent breach of fiduciary duty.

Accordingly, the Court **DENIES** the motion to dismiss the fifth cause of action
against the Wood Defendants.

### IV. CONCLUSION

For the foregoing reasons,  the Court **GRANTS in part** and **DENIES in part** all
three motions to dismiss.

The Court **GRANTS** NFP's motion to dismiss the first cause of action to the extent
that it relies upon co-fiduciary liability for actions taken by flexPATH as investment
manager and the third cause of action with respect to the transactions involving the
flexPATH CITs. The Court also **GRANTS** NFP's motion to dismiss the second cause of
action to the extent that it relies upon direct liability. The Court **DENIES** the remainder
of NFP's motion to dismiss.

The Court **GRANTS** the flexPATH motion to dismiss the third cause of action
with respect to the transactions involving the flexPATH CITs and **DENIES** the
remainder of flexPATH's motion to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-301 JVS (KESx) | Date | February 8, 2022 |
|---|---|---|---|

| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |
|---|---|

The Court **GRANTS** the Wood Defendants' motion to dismiss the first cause of action to the extent that it relies upon co-fiduciary liability for actions taken by flexPATH as investment manager and the third cause of action with respect to the transactions involving the flexPATH CITs. The Court **DENIES** the remainder of the Wood Defendants' motion to dismiss.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |