UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-301 JVS (KESx) | Date | February 16, 2022 |
| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Not Present    Not Present

**Proceedings:    [IN CHAMBERS] Order Regarding Motion for Class Certification**

Plaintiffs Robert Lauderdale, Joshua Carrell, Ting Sheng Wang, Leonard Dickhaut, Robert Crow, Aubin Ntela, and Rodney Aaron Riggins (collectively, "Plaintiffs") filed a motion for class certification. Mot., Dkt. No. 126. Defendants NFP Retirement, Inc. ("NFP"), flexPATH Strategies, LLC ("flexPATH"), Wood Group U.S. Holdings, Inc. ("Wood Group U.S."), Wood Group Management Services, Inc. ("Wood Group Management"), and the Committee of the Wood 401(k) Plan (the "Wood Committee") (collectively, "Defendants") opposed the motion. Opp'n, Dkt. No. 147. Plaintiffs responded. Reply, Dkt. No. 148.

For the following reasons, the Court **GRANTS** the motion for class certification, and certifies the following class:

> All participants and beneficiaries of the Wood 401(k) Plan from February 16, 2015 through the date of judgment, excluding Defendants and members of the Committee of the Wood 401(k) Plan.

The Court also appoints Robert Lauderdale, Joshua Carrell, Ting Sheng Wang, Leonard Dickhaut, Robert Crow, Aubin Ntela, and Rodney Aaron Riggins as class representatives and appoints Schlichter, Bogard & Denton LLP as class counsel.

**I. BACKGROUND**

This case concerns the management of the Wood 401(k) Plan ("Plan"). Second Amended Compl. ("SAC"), Dkt. No. 105 ¶ 1. The Plan is a multiple employer defined

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-301 JVS (KESx) | Date | February 16, 2022 |
| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. | | |

contribution employee pension benefit plan.  Id. ¶ 7.  Plaintiffs are former employees of adopting employers and are participants and beneficiaries of the Plan.  Id. ¶¶ 11-17.  Wood Group Management was the Plan sponsor and administrator until June 1, 2016.  Id. ¶ 20.  Wood Group U.S. has been the Plan sponsor and administrator since June 1, 2016.  Id. ¶ 19.  Wood Group U.S. appointed the Wood Committee to carry out its fiduciary responsibilities with respect to the Plan.  Id. ¶ 23.  The Wood Committee is responsible for the selection, monitoring, and removal of Plan investments and service providers, including the investment consultant.  Id.  NFP and flexPATH are both registered investment advisers.  Id. ¶¶ 25-26.

In July 2015, the Wood Defendants hired NFP to be the Plan's investment consultant or fiduciary investment advisor.  Id. ¶ 43. NFP was charged with advising the Wood Defendants on the selection, monitoring, and retention of Plan investments and to provide assistance on the selection of service providers, among other duties.  Id.  NFP allegedly recommended the use of flexPATH target date funds as early as September 2015, prior to the launch of the investment products at issue.  Id. ¶ 44-45.  On February 25, 2016, upon recommendation from NFP, the Wood Defendants allegedly approved the addition of the flexPATH target date funds to the Plan.  Id. ¶ 45.  In March 2016, the Wood Defendants hired flexPATH as the Plan's discretionary investment manager with authority over the selection, monitoring, and replacement of the Plan's qualified default investment alternative ("QDIA").  Id. ¶ 46.  In appointing flexPATH to be the Plan's investment manager, the Wood Defendants expressly authorized flexPATH to use affiliated investment options, including its flexPATH proprietary funds for the Plan.  Id.

By June 2016, flexPATH exercised its delegated fiduciary authority over the Plan's QDIA and selected flexPATH's proprietary target date funds for the Plan.  Id. ¶ 49.  Specifically, the flexPATH Index Moderate target date fund was designated as the Plan's QDIA to receive participant contributions for those who do not make an investment election.  Id.  From June 30, 2016 through September 30, 2018, the Plan's flexPATH target date funds allegedly substantially underperformed the Vanguard Target Retirement Trust target date funds.  Id. ¶ 98.  In 2018, the Wood Defendants allegedly acted contrary to NFP's advice and removed the flexPATH target date funds from the Plan and terminated flexPATH as an investment manager with authority over the Plan's QDIA.  Id. ¶ 50.

After the removal of the flexPATH target date funds, NFP allegedly recommended

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-301 JVS (KESx) | Date | February 16, 2022 |
| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. | | |

that the Wood Defendants add three other flexPATH-advised funds to the Plan. Id. ¶ 99. In late 2018, the Wood Defendants allegedly approved the recommendations and added three collective investment trusts–the International Stock Fund, the Core Bond Fund, and the Large Cap Value Fund (hereinafter, the "CITs")–to the Plan. Id. ¶ 50. The decision to invest in each of the CITs allegedly caused the Plan to invest in a higher-cost version of the underlying investments, leading to Plan participants paying higher expenses than would be charged if the Plan invested directly in the lowest-share class of the underlying fund. Id. ¶¶ 111, 128, 138.

Plaintiffs' SAC brought claims for (1) breach of fiduciary duties related to the flexPATH funds under 29 U.S.C. § 1104(A)(1); (2) breach of fiduciary duties related to the use of higher-cost versions of plan investments under 29 U.S.C. § 1104(A)(1); (3) prohibited transactions related to the flexPATH funds under 29 U.S.C. § 1106; (4) failure to monitor fiduciaries; and, (5) breach of fiduciary duties related to the selection of flexPATH under 29 U.S.C. § 1104(A)(1). Id. ¶¶ 162-99. After the Defendants moved to dismiss the SAC, the Court dismissed some of the claims while holding that Plaintiffs had met their burden of plausibly alleging a claim for relief for the bulk of the claims. See Dkt. No. 150

Plaintiffs filed the instant motion on November 29, 2021, seeking certification of the following class:

> All participants and beneficiaries of the Wood 401(k) Plan from February 16, 2015 through the date of judgment, excluding Defendants and members of the Committee of the Wood 401(k) Plan.

Mot. at 5; SAC ¶ 154.

## II. LEGAL STANDARD

A motion for class certification involves a two-part analysis. First, the plaintiffs must demonstrate that the proposed class satisfies the requirements of Rule 23(a): (1) the members of the proposed class must be so numerous that joinder of all claims would be impracticable; (2) there must be questions of law and fact common to the class; (3) the claims or defenses of the representative parties must be typical of the claims or defenses of absent class members; and (4) the representative parties must fairly and adequately

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-301 JVS (KESx) | Date | February 16, 2022 |
| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. | | |

protect the interests of the class. Fed. R. Civ. P. 23(a). The plaintiffs may not rest on mere allegations, but must provide facts to satisfy these requirements. Doninger v. Pac. Nw. Bell, Inc., 564 F.2d 1304, 1309 (9th Cir. 1977) (citing Gillibeau v. Richmond, 417 F.2d 426, 432 (9th Cir. 1969)).

Second, the plaintiffs must meet the requirements for at least one of the three subsections of Rule 23(b). Under Rule 23(b)(1), a class may be maintained if there is either a risk of prejudice from separate actions establishing incompatible standards of conduct or judgments in individual lawsuits would adversely affect the rights of other members of the class. Under Rule 23(b)(2), a plaintiff may maintain a class where the defendant has acted in a manner applicable to the entire class, making injunctive or declaratory relief appropriate. Finally, under Rule 23(b)(3), a class may be maintained if "questions of law or fact common to class members *predominate* over any questions affecting only individual members," and if "a class action is *superior* to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3) (emphasis added).

The plaintiffs bear the burden of demonstrating that Rule 23 is satisfied. See Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001), amended by 273 F.3d 1266 (2001). The district court must rigorously analyze whether the plaintiffs have met the prerequisites of Rule 23. Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011) (quoting Gen. Tel. Co. v. Falcon, 457 U.S. 147, 161 (1982)). Rule 23 confers "broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court." Armstrong v. Davis, 275 F.3d 849, 872 n.28 (9th Cir. 2001), abrogated on other grounds by Johnson v. California, 543 U.S. 499, 504–05 (2005). The district court need only form a "reasonable judgment" on each certification requirement "[b]ecause the early resolution of the class certification question requires some degree of speculation." Gable v. Land Rover N. Am., Inc., No. SACV 07-0376 AG (RNBx), 2011 U.S. Dist. LEXIS 90774, at *8 (C.D. Cal. July 25, 2011) (internal quotation marks omitted); see also Blackie v. Barrack, 524 F.2d 891, 901 n.17 (9th Cir. 1975). This may require the court to "'probe behind the pleadings before coming to rest on the certification question,'" and the court "'*must* consider the merits' if they overlap with Rule 23(a)'s requirements." Wang v. Chinese Daily News, 709 F.3d 829, 834 (9th Cir. 2013) (quoting Dukes, 564 U.S. at 351; Ellis v. Costco Wholesale Corp., 657 F.3d 970, 983 (9th Cir. 2011)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-301 JVS (KESx) | Date | February 16, 2022 |
| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. | | |

### III. Discussion

**A.   Standing**

The Court begins by considering whether Plaintiffs have standing to bring their claims. Defendants argue that because some of the named Plaintiffs and putative class members did not personally invest in the challenged funds, they did not suffer any injury, and thus lack standing. Opp'n at 6–10. The Defendants present multiple arguments to support that assertion, none of which is persuasive.[1]

To establish Article III standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the alleged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). In order to fulfill the first element, a plaintiff must plead an injury that is both "concrete and particularized." Id. at 339. Within the Ninth Circuit, the standing inquiry at the class certification stage is limited to the question of whether the named plaintiff demonstrates standing. See Melendres v. Arpaio, 784 F.3d 1254, 1262 (9th Cir. 2015). Where there are multiple named plaintiffs, "only one named Plaintiff needs to have standing for a class action to proceed." In re Zappos.com, Inc., 888 F.3d 1020, 1028 n.11 (9th Cir. 2018) (citing Bates v. United Parcel Serv., Inc., 511 F.3d 974, 985 (9th Cir. 2007) (en banc)).

Here, Plaintiffs argue that all Plan participants were harmed by the alleged breaches, either by investing in the funds at issue or by losing the opportunity to invest in prudent alternatives if had Defendants fulfilled their duties. Mot. at 12–13. "ERISA plan beneficiaries may bring suits on behalf of the plan in a representative capacity . . . so long as plaintiffs otherwise meet the requirements for Article III standing." Glanton ex rel. ALCOA Prescription Drug Plan v. AdvancePCS Inc., 465 F.3d 1123, 1127 (9th Cir. 2006). Courts will decline to certify a class based on a lack of standing if none of the

---

[1] Defendants also claim that Plaintiffs did not address standing in their original motion and thus may not argue the issue in the Reply brief. Opp'n at 10 n.4. The Court notes that while Plaintiffs did not fully develop their standing arguments, the motion explained Plaintiffs' theory of injury and provided supporting documentation. See Mot. at 12–13; Plaintiffs' Decls., Dkt. Nos. 126-8 – 126-14. Moreover, Plaintiffs have the right to respond to arguments made by Defendants in their opposition brief. See El Pollo Loco, Inc. v. Hashim, 316 F.3d 1032, 1040–41 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 21-301 JVS (KESx)   Date  February 16, 2022

Title   Robert Lauderdale et al. v. NFP Retirement, Inc. et al.

named plaintiffs have invested in the funds at issue. See e.g., Marshall v. Northrop Grumman Corp., 2017 WL 2930839, at *8 (finding lack of standing where the named plaintiffs were not invested in the challenged funds). But that is not the case here. Plaintiffs submitted declarations with their class certification motion establishing that at least one named plaintiff was invested in each of the funds at issue during the class period. See Reply at 7; Plaintiffs' Decls., Dkt. Nos. 126-8–126-14. This is sufficient to establish standing for each of the claims at the class certification stage under settled Ninth Circuit law. See Bates, 511 F.3d at 985.

Defendants' reliance on two recent Supreme Court holdings regarding class action standing does not change that analysis. In TransUnion LLC v. Ramirez, the Court held that "[e]very class member must have Article III standing in order to recover individual damages. Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not." 141 S. Ct. 2190, 2208 (2021) (internal quotations omitted). However, there are two key distinctions between this case and TransUnion.

First, this case is at the class certification stage instead of the final judgment stage of a class action. See TransUnion, 141 S. Ct. at 2208 ("A plaintiff must demonstrate standing 'with the manner and degree of evidence required at the successive stages of the litigation.'") (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). TransUnion made expressly clear that it did not address "the distinct question whether every class member must demonstrate standing *before* a court certifies a class." 141 S. Ct. at 2208 n.4 (emphasis in original). Nothing in TransUnion indicates that it changed settled Ninth Circuit law regarding what it is required to demonstrate standing at the class certification stage.

Additionally, the ERISA claim is brought on behalf of the Plan as a whole. See Munro v. Univ. of S. California, 896 F.3d 1088, 1094 (9th Cir. 2018), cert. denied, 139 S. Ct. 1239 (2019) ("Munro II") ("[R]ecovery under ERISA § 409(a) is recovery singularly for the plan."). Should the Plaintiffs ultimately prevail, the Court would be not be ordering relief to any uninjured plaintiff, but instead ordering relief to the Plan as a whole. See LaRue v. DeWolff, Boberg & Associates, Inc., 552 U.S. 248, 263 n.* (Thomas, J., concurring) ("[A] participant suing to recover benefits on behalf of the plan is not entitled to monetary relief payable to him; rather, any recovery must be paid to the plan."). The ultimate distribution of any recovery from the Plan to the participants would be outside the scope of any judicial order. See In re First American Corp. ERISA Litig.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-301 JVS (KESx) | Date | February 16, 2022 |
| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. | | |

258 F.R.D. 610, 619 (C.D. Cal. 2009) ("If recovery is received and paid to the Plan, it is the responsibility of the Plan fiduciaries to determine the manner in which such recovery will be applied.").

Similarly, Defendants' reliance on Thole v. U.S. Bank N.A. for the proposition that "[t]here is no ERISA exception to Article III" does not change the outcome of the standing analysis here. 140 S. Ct. 1615, 1622 (2020). Thole held that plaintiffs lacked standing to challenge the management of a defined-benefit plan because their benefits would not change regardless of the outcome, thus they lacked a stake in the suit. Id. at 1622. However, the Plan here is a defined contribution plan, which Thole acknowledged presents a different question. See id. at 1619 ("[P]articipants in a defined-benefit plan are not similar situated to . . . the participants in a defined-contribution plan."). Plaintiffs allege that the breaches of fiduciary duty caused the Plan to generate lower returns, thus reducing the benefits received by Plan participants. See LaRue, 552 U.S. at 255–56 ("For defined contribution plans, however, fiduciary misconduct need not threaten the solvency of the entire plan to reduce benefits below the amount that participants would otherwise receive."). If the Plaintiffs are successful in this lawsuit on behalf of the Plan, the Plan fiduciaries would then distribute any award among the Plan participants. See In re First American Corp., 258 F.R.D. at 619. Thus, the putative class members have a stake in these proceedings sufficient to support standing.

Accordingly, the Court finds that Plaintiffs have established that they have standing to bring claims on behalf of the proposed class.

    **B.**    **Rule 23(a) Prerequisites**

        *i.*    *Numerosity*

Rule 23(a)(1) requires that a class be sufficiently numerous such that it would be impracticable to join all members individually. In determining whether a proposed class is sufficiently numerous to sustain a class action, the court must examine the specific facts because the numerosity requirement "imposes no absolute limitations." Gen. Tel. Co. of the Nw. v. EEOC, 446 U.S. 318, 330 (1980). "[A] reasonable estimate of the number of purported class members satisfies the numerosity requirement." In re Badger Mountain Irrigation Dist. Sec. Litig., 143 F.R.D. 693, 696 (W.D. Wash. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-301 JVS (KESx) | Date | February 16, 2022 |
| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. | | |

Plaintiffs represent that throughout the proposed class period, the Plan had at least 8,000 participants at all times. Mot. at 7. Defendants do not challenge that assertion, nor do they argue that it is insufficient to satisfy the numerosity requirement. The Court concludes that Plaintiffs have demonstrated that the proposed class is so numerous that joinder of all class members would be impracticable.

  *ii.*  *Commonality*

Rule 23(a)(2) requires that questions of law or fact be common to the class. "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998). A common question "must be of such a nature that it is capable of classwide resolution—which means that the determination of its truth or falsity will resolve an issue that is central to the validity of each of the claims in one stroke." Dukes, 564 U.S. at 350. As the Ninth Circuit explained in Wang, 709 F.3d at 834, there must be at least "a single common question" to satisfy the commonality requirement of Rule 23(a)(2)."

Plaintiffs are seeking relief not for themselves, but on behalf of the Plan. See Munro II, 896 F.3d at 1092–93. Thus, the central issue in this case is the conduct of the Defendants. Plaintiffs have identified several key questions that are common to the determination of each class member's claims:

> (1) whether Defendants acted as fiduciaries with respect to the challenged conduct; (2) whether Defendants breached their fiduciary duties or caused a prohibited transaction in each respect alleged by Plaintiffs; (3) whether the Plan suffered a loss; (4) how to calculate the Plan's losses; and (5) what equitable or injunctive relief should be imposed to remedy such breaches and to prevent future ERISA violations.

Mot. at 8–9. All of these questions can be answered through common proof regarding the actions taken by the Defendants. "These types of common questions are sufficient to meet the commonality requirement in ERISA cases." In re Schering Plough Corp. ERISA Litig., 589 F.3d 585, 597 (3d Cir. 2009); Munro v. Univ. of S. California, No. 2:16-cv-06191-VAP-Ex, 2019 WL 7842551, at *4 (C.D. Cal. Dec. 20, 2019) ("Munro I") (finding commonality requirement met where class proceedings would answer questions

Case 8:21-cv-00301-JVS-KES   Document 153   Filed 02/16/22   Page 9 of 14   Page ID #:3514

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-301 JVS (KESx) | Date | February 16, 2022 |
|---|---|---|---|
| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. | | |

common to all class members regarding the centralized administration of the plans); Marshall v. Northrop Grumman Corp., No. CV 16-06794-AB (JCx), 2017 WL 6888281, at *6 (C.D. Cal. Nov. 2, 2017) ("The question of whether Defendants breached their fiduciary duties to the Plan are common to all Plan participants' claims and will generate answers common to all of the putative class members.").

The Defendants argue that commonality does not exist here because the claims are based on breaches of fiduciary duty and prohibited transactions related to specific investments. Opp'n at 10–12. In their view, commonality cannot be satisfied because the only impacted members of the proposed class are those who invested in the funds at issue. Opp'n at 11–12. But the fact that not all putative class members were invested in the challenged funds does not change the commonality inquiry. See In re Northrop Grumman Corp. ERISA Litig., No. 06-CV-06213-MMM-JCx, 2011 WL 3505264, at *8 (C.D. Cal. Mar. 29, 2011) (collecting cases where courts rejected the argument that individual differences in investments and performance defeat commonality).

All of the evidence presented to prove Plaintiffs claim will be based on the actions taken by Defendants on behalf of the Plan. There is no need to solicit individualized evidence from each participant to answer the common questions that will resolve many of the key issues in this case. See Tyson Foods, Inc. v. Bouaphakeo, 577 U.S. 442, 453 (2016) ("An individual question is one where members of a proposed class will need to present evidence that varies from member to member, while a common question is one where the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof.") (internal quotations omitted; alteration in original). Thus, the claims here are susceptible to class-wide proof.

Because the Plaintiffs have identified multiple questions that are common to all Plan participants, the Court concludes that they have satisfied Rule 23(a)(2)'s commonality requirement.

       *iii.*    *Typicality*

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." To meet the typicality requirement, the plaintiffs must show that: (1) "other members have the same or similar injury"; (2) "the action is based on conduct which is not unique to the named plaintiffs"; and (3) "other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-301 JVS (KESx) | Date | February 16, 2022 |
| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. | | |

class members have been injured by the same course of conduct." Ellis v. Costco Wholesale Corp., 657 F.3d 970, 984 (9th Cir. 2011). "Under the rule's permissive standards, "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." Hanlon, 150 F.3d at 1020. Plaintiffs can satisfy their burden through pleadings, affidavits, or other evidence. See Lewis v. First Am. Title Ins. Co., 265 F.R.D. 536, 556 (D. Idaho 2010).

As discussed above, the key issues in this case concern Defendants' conduct, not individual actions taken by the Plaintiffs. See Dukes, 564 U.S. at 349 n.5 (noting the overlapping nature of the commonality and typicality inquiries). In this case the claims depend on a set of decisions made by the Defendants regarding investments and Plan administration. "Courts have overwhelmingly found typicality satisfied in similar circumstances." Munro I, 2019 WL 7842551, at *5 (collecting cases). Because the claim is brought on behalf of the Plan, "all class members suffered the same injury through the same course of conduct." In re First American Corp., 258 F.R.D. at 619. Defendants do not challenge that Plaintiffs have met the typicality requirement.

Accordingly, the Court finds that Plaintiffs have satisfied Rule 23(a)'s typicality requirement.

### iv. Fair and Adequate Representation

Rule 23(a)(4) requires that the representative party "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "This requirement is grounded in constitutional due process concerns: 'absent class members must be afforded adequate representation before entry of a judgment which binds them.'" Evans v. IAC/Interactive Corp., 244 F.R.D. 568, 577 (C.D. Cal. 2007) (quoting Hanlon, 150 F.3d at 1020). Representation is adequate if (1) the named plaintiffs and their counsel are able to prosecute the action vigorously and (2) the named plaintiffs do not have conflicting interests with the unnamed class members; and (3) the attorney representing the class is qualified and competent. Lerwill v. Inflight Motion Pictures, Inc., 582 F.2d 507, 512 (9th Cir. 1978).

Here, Plaintiffs have shown that they are adequate representatives. They have been active participants in the case up to this point and submitted declarations indicating their willingness to prosecute the case going forward. See Mot. at 15; Plaintiffs' Decls., Dkt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-301 JVS (KESx) | Date | February 16, 2022 |
|---|---|---|---|

| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. |
|---|---|

Nos. 126-8–126-14.  There is no indication of any conflict of interest between the named plaintiffs and any of the other class members.  Additionally, Plaintiffs' counsel is qualified and competent to bring this case.  They have introduced evidence of their extensive experience bringing these types of claims and represent that they do not have any conflicts of interest. See Schlichter Decl., Dkt. No. 126-6.  Defendants do not challenge the adequacy of either the class representatives or class counsel.

Accordingly, the Court finds that the adequacy of representation requirement inquiry is satisfied.

### C. Rule 23(b)

Having determined that the prerequisites of Rule 23(a) are satisfied, the Court now turns to the question of whether the proposed class meets the requirements of Rule 23(b). Plaintiffs primarily seek certification under Rule 23(b)(1).  Mot. at 16–20.  Defendants also agree that if the Court were to certify a class, it should be done pursuant to 23(b)(1) to avoid the potential for inconsistent adjudications.  Opp'n at 12–13.  "Most ERISA class action cases are certified under Rule 23(b)(1)."  Kanawi v. Bechtel Corp., 254 F.R.D. 102, 111 (N.D. Cal. 2008).  As the Court concludes that the class is properly certified pursuant to Rule 23(b)(1), there is no need to consider the other potential grounds for certification.

"Rule 23(b)(1)(A) considers possible prejudice to a defendant, while 23(b)(1)(B) looks to prejudice to the putative class members." Kanawi, 254 F.R.D. at 111.  Under Rule 23(b)(1)(A), a class is proper where separate lawsuits would create a risk of imposing incompatible standards of conduct on the defendant.  "Rule 23(b)(1)(A) takes in cases where the party is obliged by law to treat the members of the class alike . . . or where the party must treat all alike as a matter of practical necessity."  Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997).  The possibility that a defendant will be held liable in some cases and not in others is insufficient. McDonnell Douglas Corp. v. U.S. Dist. Ct., 523 F.2d 1083, 1086 (9th Cir. 1975).  Rather, Rule 23(b)(1)(A) requires "incompatible standards of conduct required of the defendant in fulfilling judgments in separate actions." Id.

Absent class certification, there could be thousands of individual suits from Plan participants for causes of action arising from the same conduct on behalf of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-301 JVS (KESx) | Date | February 16, 2022 |
| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. | | |

Defendants. Plaintiffs seek several different forms of relief, including the removal of Plan fiduciaries and disgorgement of amounts paid by the plan to flexPATH and NFP. See SAC at 68–69. Allowing individual suits to proceed would "create a risk of 'inconsistent and varying' adjudications, resulting in 'incompatible standards of conduct' for Defendants." Kanawi, 254 F.R.D. at 111 (internal quotation omitted). Both parties agree on the importance of avoiding the risk of inconsistent adjudications. See Opp'n at 12–13; Mot. at 17–19. Because of the remedies sought by Plaintiffs, the risk of different courts ordering incompatible forms of relief is "of the variety that Rule 23(b)(1)(A) was designed to address." Tibble v. Edison Int'l, No. CV 07-5359 SVW (AGRx), 2009 WL 6764541, at *9 (C.D. Cal. June 30, 2009).

Accordingly, the Court finds that class certification is appropriate under Rule 23(b)(1)(A).

### D. Scope of the Class

Defendants argue that if a class is certified it should be narrowed based on the investments made by the putative class members and to the time period that the investments were in the plan. Opp'n at 4–5. Plaintiffs proposed class is defined as:

> All participants and beneficiaries of the Wood 401(k) Plan from February 16, 2015 through the date of judgment, excluding Defendants and members of the Committee of the Wood 401(k) Plan.

Mot. at 5. For the same reasons discussed above, the Court declines to narrow the class based on what investments were made by individual Plan participants. Thus, the remaining objection of Defendants to the scope of the class concerns the choice of February 15, 2016 as the starting date. The initial investments that were claimed to be improper were not added to the Plan until June 2016. See SAC ¶ 49. Thus, Defendants argue that the class includes participants who could not possibly have been injured because the decisions at issue had not yet been implemented. Opp'n at 7.

Plaintiffs chose the class period to begin on February 16, 2015 because it corresponds with ERISA's six-year statute of limitations. Reply at 17. They assert that because the allegations concern conduct preceding the challenged decisions, the earlier start date is necessary to encompass Defendants' conduct in 2015 and early 2016. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-301 JVS (KESx) | Date | February 16, 2022 |
| Title | Robert Lauderdale et al. v. NFP Retirement, Inc. et al. | | |

While it is somewhat unclear to the Court how narrowing the dates in the class definition would impact the availability of different arguments in this litigation, Defendants have not shown that there are significant numbers of plan participants who left the Plan between February 2015 and June 2016. The Court is persuaded that Defendants have not shown that the "class is not defined so broadly as to include a great number of members who for some reason could not have been harmed by the defendant's allegedly unlawful conduct." Ruiz Torres v. Mercer Canyons Inc., 835 F.3d 1125, 1138 (9th Cir. 2016). Thus, the Court need not preemptively narrow the class at this stage.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion for class certification, and certifies the following class:

> All participants and beneficiaries of the Wood 401(k) Plan from February 16, 2015 through the date of judgment, excluding Defendants and members of the Committee of the Wood 401(k) Plan.

The Court also appoints Robert Lauderdale, Joshua Carrell, Ting Sheng Wang, Leonard Dickhaut, Robert Crow, Aubin Ntela, and Rodney Aaron Riggins as class representatives and appoints Schlichter, Bogard & Denton LLP as class counsel.

The Court finds that oral argument would not be helpful in this matter. Fed R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 21-301 JVS (KESx)                              Date   February 16, 2022

Title   Robert Lauderdale et al. v. NFP Retirement, Inc. et al.